## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

STATE OF LOUISIANA,
By and through its Attorney
General, JEFF LANDRY,

     *Plaintiff,*

v.

BANK OF AMERICA, N.A., et al.,

     *Defendants.*

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

Civil Case No. 3:19-CV-00638-SDD-RLB

### ANSWER OF DEFENDANT CANTOR FITZGERALD & CO. TO
### PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Cantor Fitzgerald & Co. ("Cantor Fitzgerald"), by and through its undersigned attorneys, hereby answers and asserts affirmative defenses and other defenses as follows to the First Amended Complaint (the "Complaint") of the State of Louisiana ("Plaintiff") in the above-captioned action, and in so doing denies the allegations set forth in the Complaint (including allegations in headings, subheadings, footnotes, tables, graphs, and exhibits) except as specifically stated below.

### ANSWERS TO SPECIFIC PARAGRAPHS IN THE COMPLAINT

1.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1.

2.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3.     Paragraph 3 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 3, except denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

4.      The first sentence of Paragraph 4 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies that the allegations in the first and second sentences of Paragraph 4 present a fair and complete description of the matters described therein, and on that basis denies the allegations in the first two sentences of Paragraph 4, except admits that it participated in the GSE Bond market and the GSE Issuance Process.  Cantor Fitzgerald denies the allegations in the third sentence of Paragraph 4, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

5.      Paragraph 5 refers to press reports about a Department of Justice investigation, and to a February 17, 2012 chat conversation, both of which speak for themselves.  Cantor Fitzgerald denies that the description of the press reports or the chat conversation are fair and complete, and respectfully refers the Court to the quoted documents for a complete and accurate account of their contents.  To the extent a response otherwise is required, Cantor Fitzgerald denies the allegations in Paragraph 5, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

6.      Cantor Fitzgerald denies the allegations in Paragraph 6, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

7.      Cantor Fitzgerald denies the allegations in sentences one and four of Paragraph 7, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.  Cantor Fitzgerald denies that the allegations in the second

and third sentences of Paragraph 7 present a fair and complete description of the matters described therein, and on that basis denies the allegations in the second and third sentences of Paragraph 7, except admits that there is an over-the-counter market for GSE Bonds and that price quotes may be provided by phone or in electronic chats.

8.    Cantor Fitzgerald denies the allegations in Paragraph 8, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.  Cantor Fitzgerald further states that Paragraph 8 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald denies that the description of the chat is fair and complete and respectfully refers the Court to the quoted document for a complete and accurate account of its contents.

9.    Cantor Fitzgerald denies the allegations in Paragraph 9.

10.    Cantor Fitzgerald denies the allegations in Paragraph 10.

11.    Cantor Fitzgerald denies the allegations in Paragraph 11.

12.    Cantor Fitzgerald denies the allegations in Paragraph 12.

13.    Paragraph 13 refers to "TRACE" reporting requirements for FINRA members which speak for themselves.  Cantor Fitzgerald denies that the description of the requirements is fair and complete, and respectfully refers the Court to the requirements themselves for a complete and accurate account of their contents.  Cantor Fitzgerald admits that FINRA imposed certain TRACE reporting requirements in 2010.  Cantor Fitzgerald otherwise denies the allegations in Paragraph 13.

14.    Cantor Fitzgerald denies the allegations in Paragraph 14, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, but admits that syndicate members use multi-bank chatrooms.

15.    Cantor Fitzgerald denies the allegations in Paragraph 15, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.   Cantor Fitzgerald further states that Paragraph 15 purports to characterize the findings of government investigations that are contained in documents that speak for themselves. Cantor Fitzgerald denies that the description of the documents is fair and complete, and respectfully refers the Court to the documents themselves for a complete and accurate account of their contents.

16.    Paragraph 16 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 16.

17.    The first two sentences of Paragraph 17 state legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in the first two sentences of Paragraph 17, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.  Cantor Fitzgerald denies the remaining allegations contained in Paragraph 17, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

18.    Paragraph 18 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald admits that it is a domestic corporation with its principal place of business in the United States, and otherwise denies the allegations in Paragraph 16, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

19.    Paragraph 19 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 19.

4

20.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20.

21.    Cantor Fitzgerald denies the allegations in Paragraph 21, except admits that it participated in at least one GSE Bond transaction with the State of Louisiana Treasury and component units, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties and denies the allegations regarding a purported antitrust conspiracy involving GSE Bonds.

22.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22.

23.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23.

24.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and the footnote thereto.

25.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25.

26.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26.

27.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27.

28.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28.

29.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29.

30.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

31.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31.

32.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32.

33.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33.

34.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34.

35.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35.  The footnote to Paragraph 35 refers to SEC materials which speak for themselves.  Cantor Fitzgerald denies that the description of those materials is fair and complete, and respectfully refers the Court to the materials themselves for a complete and accurate account of their contents.

36.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

37.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37.

38.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38.

39.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39.

40.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40.

41.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41.

42.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42.

43.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43.

44.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44.

45.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

47.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in First Complaint Paragraph 47.[1]

46.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46.

47.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Second Complaint Paragraph 47.

48.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48.

---

[1] The Complaint includes two paragraphs numbered 47, the first of which is located before Paragraph 46, and the second of which is located after Paragraph 46.  This Answer refers to the former as the "First Complaint Paragraph 47," and the latter as the "Second Complaint Paragraph 47."

49.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49.

50.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50.

51.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51.

52.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52.

53.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53.

54.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54.

55.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55.

56.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57.

58.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58.

59.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59.

60.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60.

61.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62.

63.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63.

64.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64.

65.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65.

66.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66.

67.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67.

68.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68.

69.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69.

70.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70.

71.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71.

72.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72.

73.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73.

74.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74.

75.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75.

76.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76.

77.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77.

78.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78.

79.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79.

80.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80.

81.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81.

82.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82.

83.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83.

84.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84.

85.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85.

86.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86.

87.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87.

88.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88.

89.     Cantor Fitzgerald admits the allegations in Paragraph 89.

90.     Cantor Fitzgerald admits the allegations in the first sentence of Paragraph 90. Cantor Fitzgerald denies that the allegations in the second sentence of Paragraph 90 present a fair and complete description of the matters described therein, and on that basis denies those allegations.

91.     Cantor Fitzgerald denies that the allegations in Paragraph 91 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 91, except admits that it performed its GSE Bonds business in the United States.

92.    Cantor Fitzgerald denies the allegations in Paragraph 92, except admits that it participated in at least one GSE Bond transaction with Plaintiff during the Class Period.

93.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93.

94.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94.

95.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95.

96.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96.

97.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97.

98.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98.

99.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99.

100.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100.

101.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101.

102.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102.

103.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103.

104.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104.

105.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105.

106.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106.

107.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107.

108.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108.

109.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109.

110.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110.

111.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111.

112.    Cantor Fitzgerald denies that the allegations in Paragraph 112 present a fair and complete description of the matters described therein, and on that basis denies them, except admits that it was an approved dealer for GSE Bonds during the Class Period, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

113.    Paragraph 113 includes a reservation of rights as to which no response is required. Cantor Fitzgerald otherwise denies the allegations in Paragraph 113, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

114.    Cantor Fitzgerald admits that GSEs are privately run enterprises sponsored by the federal government.  Cantor Fitzgerald denies that the remaining allegations in Paragraph 114 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 114.

115.    Cantor Fitzgerald admits that FHLB is a system of regional banks.  Cantor Fitzgerald denies that the remaining allegations in Paragraph 115 present a fair and complete description of the matters described therein, and on that basis denies the remaining allegations in Paragraph 115.

116.    Cantor Fitzgerald admits that FFCB is part of the Farm Credit System and issues GSE Bonds.  Cantor Fitzgerald denies that the remaining allegations in Paragraph 116 present a fair and complete description of the matters described therein, and on that basis denies the remaining allegations in Paragraph 116.

117.    Cantor Fitzgerald denies the allegations in the last sentence of Paragraph 117. Cantor Fitzgerald further denies that the remaining allegations in Paragraph 117 present a fair and complete description of the matters described therein, and on that basis denies the remaining allegations in Paragraph 117.

118.    Cantor Fitzgerald admits that GSE Bonds are identified by CUSIP numbers.  Cantor Fitzgerald otherwise denies that the allegations in Paragraph 118 present a fair and complete

description of the matters described therein, and on that basis denies the allegations in Paragraph 118.

119.    Cantor Fitzgerald denies the allegations in Paragraph 119.

120.    Paragraph 120 refers to ratings that ratings agencies give to various GSE Bonds, which ratings speak for themselves.  Cantor Fitzgerald otherwise denies that the allegations in Paragraph 120 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 120, except admits that GSE Bonds are not guaranteed by the federal government and admits that the Federal Housing Finance Agency became a conservator for Fannie Mae and Freddie Mac in 2008.

121.    Cantor Fitzgerald admits that GSE Bonds are exempt from certain registration and disclosure provisions of the federal securities laws.  Cantor Fitzgerald denies that the remaining allegations in Paragraph 121 present a fair and complete description of the matters described therein, and on that basis denies the remaining allegations in Paragraph 121.

122.    Cantor Fitzgerald denies the allegations in Paragraph 122, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

123.    Cantor Fitzgerald denies that the allegations in Paragraph 123 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 123.

124.    Cantor Fitzgerald denies that the allegations in Paragraph 124 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 124.

125.    Cantor Fitzgerald denies that the allegations in Paragraph 125 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 125.

126.    Cantor Fitzgerald denies that the allegations in Paragraph 126 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 126.

127.    Cantor Fitzgerald denies that the allegations in Paragraph 127 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 127.

128.    Cantor Fitzgerald denies that the allegations in Paragraph 128 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 128.

129.    Cantor Fitzgerald admits that it is an approved GSE Bond dealer, and that such dealers serve as underwriters for GSE Bonds.  Cantor Fitzgerald otherwise denies that the allegations in Paragraph 129 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 129.

130.    Cantor Fitzgerald denies that the allegations in Paragraph 130 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 130, and states that there is no Figure 1 in the Complaint.

131.    Cantor Fitzgerald denies that the allegations in Paragraph 131 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 131.

132.    Cantor Fitzgerald denies that the allegations in Paragraph 132 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 132.

133.    Cantor Fitzgerald admits that GSE Bond auctions occur at regularly scheduled intervals, and otherwise denies that the allegations in Paragraph 133 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 133.

134.    Cantor Fitzgerald denies that the allegations in Paragraph 134 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 134.

135.    Cantor Fitzgerald denies the allegations in Paragraph 135.

136.    Cantor Fitzgerald denies the allegations in the second sentence of Paragraph 136, and otherwise denies that the remaining allegations in Paragraph 136 present a fair and complete description of the matters described therein, and on that basis denies the remaining allegations in Paragraph 136.

137.    Cantor Fitzgerald denies that the allegations in Paragraph 137 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 137.

138.    Cantor Fitzgerald denies that the allegations in Paragraph 138 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 138.

139.    Cantor Fitzgerald denies the allegations in the first and third sentences of Paragraph 139. Cantor Fitzgerald denies that the allegations in the second sentence of Paragraph 139 present

a fair and complete description of the matters described therein, and on that basis denies the allegations in that sentence.

140.    Cantor Fitzgerald denies the allegations in Paragraph 140 (including Table 1), except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and admits that it underwrote GSE Bonds Between 2009 and 2016.

141.    Cantor Fitzgerald denies the allegations in Paragraph 141, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

142.    Cantor Fitzgerald denies that the allegations in Paragraph 142 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 142.

143.    Cantor Fitzgerald denies that the allegations in Paragraph 143 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 143.

144.    Cantor Fitzgerald denies that the allegations in Paragraph 144 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 144.

145.    Cantor Fitzgerald denies that the allegations in Paragraph 145 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 145.

146.    Cantor Fitzgerald denies that the allegations in Paragraph 146 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 146.

147.    Cantor Fitzgerald denies that the allegations in Paragraph 147 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 147.

148.    Cantor Fitzgerald denies that the allegations in Paragraph 148 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 148.

149.    Cantor Fitzgerald denies that the allegations in Paragraph 149 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 149.

150.    Cantor Fitzgerald denies that the allegations in Paragraph 150 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 150.

151.    Cantor Fitzgerald denies the allegations in Paragraph 151.

152.    Cantor Fitzgerald denies the allegations in Paragraph 152, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

153.    Cantor Fitzgerald denies the allegations in Paragraph 153 and the footnote thereto, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

154.    Paragraph 154 and the footnotes thereto refer to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 154 and the footnotes thereto, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

155.    Paragraph 155 and the footnote thereto refer to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 155 and the footnote thereto, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

156.    Cantor Fitzgerald denies the allegations in the first sentence of Paragraph 156.  The remaining allegations in Paragraph 156 refer to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies the remaining allegations in Paragraph 156, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other 156.

157.    Cantor Fitzgerald denies the allegations in Paragraph 157.

158.    Paragraph 158 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 158, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

159.    Cantor Fitzgerald denies the allegations in Paragraph 159.

160.     Cantor Fitzgerald denies the allegations in Paragraph 160.

161.     Cantor Fitzgerald denies the allegations in Paragraph 161.

162.     Paragraph 162 and the footnote thereto refer to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 and the footnote thereto.

163.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163.

164.     Paragraph 164 and the footnote thereto refer to a chat conversation which speaks for itself.  Cantor Fitzgerald denies that the description of the chat is fair and complete, and respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is otherwise required, Cantor Fitzgerald denies the allegations in Paragraph 164 and the footnote thereto, except admits it was part of a syndicate that submitted winning bids for two GSE Bonds issued by FFCB on January 18, 2012.

165.     Cantor Fitzgerald denies the allegations in Paragraph 165, except admits that it was part of a syndicate that submitted a winning bid in an August 31, 2011 GSE Bond auction.

166.     Paragraph 166 and the footnote thereto refer to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166 and the footnote thereto.

167.    Paragraph 167 and the footnote thereto refer to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 and the footnote thereto.

168.    Paragraph 168 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168.

169.    Paragraph 169 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169.

170.    Paragraph 170 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170.

171.    Paragraph 171 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 171.

172.    Paragraph 172 and the footnote thereto refer to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete

and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 and the footnote thereto.

173.    Paragraph 173 and the footnote thereto refer to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168 and the footnote thereto.

174.    Paragraph 174 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald denies that the description of the chat is fair and complete, and respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 174.

175.    Paragraph 175 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175.

176.    Paragraph 176 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 176.

177.    Paragraph 177 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account

of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177.

178.    Paragraph 178 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178.

179.    Paragraph 179 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 179.

180.    Paragraph 180 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180.

181.    Paragraph 181 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 181.

182.    Paragraph 182 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 182.

183.    Paragraph 183 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183.

184.    Paragraph 184 refers to a chat conversation which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  To the extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184.

185.    Paragraph 185 refers to a *Bloomberg* report which speaks for itself.  Cantor Fitzgerald denies that the description of the report is fair and complete, and respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  Cantor Fitzgerald otherwise denies that the allegations in Paragraph 185 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 185.

186.    Paragraph 186 refers to a *Bloomberg* report which speaks for itself.  Cantor Fitzgerald denies that the description of the report is fair and complete, and respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  Cantor Fitzgerald otherwise denies that the allegations in Paragraph 186 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 186.

187.    Paragraph 187 refers to a *Bloomberg* report and a March 5, 2019 annual financial report from BNP Paribas which speak for themselves.  Cantor Fitzgerald denies that the description of these documents is fair and complete, and respectfully refers the Court to the quoted documents

for a complete and accurate account of their contents.  Cantor Fitzgerald otherwise denies that the allegations in Paragraph 187 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 187, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

188.    Paragraph 188 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 188.

189.    Cantor Fitzgerald denies the allegations in Paragraph 189.

190.    Cantor Fitzgerald denies that the allegations in the first two sentences of Paragraph 190 present a fair and complete description of the matters described therein, and on that basis denies those allegations.  Cantor Fitzgerald denies the allegations in the last sentence of Paragraph 190.

191.    Cantor Fitzgerald denies the allegations in Paragraph 191.

192.    Cantor Fitzgerald denies the allegations in Paragraph 192.

193.    Cantor Fitzgerald denies the allegations in Paragraph 193.

194.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 194.  Cantor Fitzgerald denies the allegations in the second sentence of Paragraph 194.

195.    Cantor Fitzgerald denies the allegations in the first and second sentences of Paragraph 195.  The third sentence of Paragraph 190 purports to characterize the contents of purported financial literature which speaks for itself.  Cantor Fitzgerald respectfully refers the Court to the referenced literature itself for a complete and accurate account of its contents.  To the

extent a response is required, Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in third sentence of Paragraph 195.

196.    Cantor Fitzgerald denies the allegations in Paragraph 196, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties

197.    Cantor Fitzgerald denies the allegations in Paragraph 197, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

198.    Cantor Fitzgerald denies the allegations in Paragraph 198.

199.    Cantor Fitzgerald denies that the allegations in Paragraph 199 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 199, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

200.    Cantor Fitzgerald denies that the allegations in Paragraph 200 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 200, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

201.    Cantor Fitzgerald denies the allegations in Paragraph 201, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

202.    Cantor Fitzgerald denies that the allegations in Paragraph 202, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the GSEs' actions.

203.     Cantor Fitzgerald denies that the allegations in the first three sentences of Paragraph 203 present a fair and complete description of the matters described therein, and on that basis denies the allegations in the first three sentences of Paragraph 203.  Cantor Fitzgerald denies the allegations in the last two sentences of Paragraph 203.

204.     Cantor Fitzgerald denies the allegations in Paragraph 204.

205.     Cantor Fitzgerald denies the allegations in Paragraph 205.

206.     Cantor Fitzgerald denies the allegations in Paragraph 206.

207.     Paragraph 207 refers to a report by the Bank for International Settlements which speaks for itself.  Cantor Fitzgerald denies that the description of the report is fair and complete, and respectfully refers the Court to the quoted document for a complete and accurate account of its contents.  Cantor Fitzgerald otherwise denies that the allegations in Paragraph 207 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 207.

208.     Cantor Fitzgerald denies the allegations in Paragraph 208.

209.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 209 concerning economic analyses purportedly conducted by another party.  Cantor Fitzgerald denies the remaining allegations in Paragraph 209.

210.     Cantor Fitzgerald denies the allegations in Paragraph 210 and the footnote thereto.

211.     Cantor Fitzgerald denies the allegations in Paragraph 211.

212.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 212 concerning economic

analyses purportedly conducted by another party. Cantor Fitzgerald denies the remaining allegations in Paragraph 212.

213.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 208, which concern a purported analysis conducted by another party.

214.    Cantor Fitzgerald denies the allegations in Paragraph 214 and the footnote thereto.

215.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 215, except admits that, as alleged in the footnote accompanying Paragraph 215, TRACE reporting became mandatory on March 1, 2010.

216.    Cantor Fitzgerald admits the allegations in the footnote accompanying Paragraph 216. Cantor Fitzgerald denies the remaining allegations in Paragraph 216, except Cantor Fitzgerald lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning economic analyses purportedly conducted by another party.

217.    Cantor Fitzgerald denies the allegations in Paragraph 217, except Cantor Fitzgerald lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning economic analyses purportedly conducted by another party.

218.    Cantor Fitzgerald denies the allegations in Paragraph 218.

219.    Cantor Fitzgerald denies the allegations in Paragraph 219.

220.    Cantor Fitzgerald denies the allegations in Paragraph 220.

221.    Cantor Fitzgerald denies the allegations in Paragraph 221.

222.    Cantor Fitzgerald denies the allegations in Paragraph 222, except admits the allegations contained in the footnote accompanying Paragraph 222, and states that there is no Figure 3 in the Complaint.

223.    Cantor Fitzgerald denies the allegations in Paragraph 223.

224.    Cantor Fitzgerald denies that the allegations in Paragraph 224 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 224.

225.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 225.

226.    Cantor Fitzgerald denies the allegations in Paragraph 226.

227.    Cantor Fitzgerald denies the allegations in Paragraph 227, and states that there is no Figure 4 in the Complaint.

228.    Cantor Fitzgerald denies the allegations in Paragraph 228.

229.    Cantor Fitzgerald denies that the allegations in Paragraph 229 present a fair and complete description of the matters described therein, and on that basis denies the allegations in Paragraph 229.

230.    Cantor Fitzgerald denies the allegations in Paragraph 230.

231.    Cantor Fitzgerald denies the allegations in Paragraph 231.

232.    Cantor Fitzgerald denies the allegations in Paragraph 232.

233.    To the extent the allegations in Paragraph 233 purport to characterize or summarize publications referenced in the footnote to Paragraph 233, the publications speak for themselves, and Cantor Fitzgerald respectfully refers the Court to the publications themselves for a complete and accurate record of their contents.  Cantor Fitzgerald denies the remaining allegations in Paragraph 233.

234.    Cantor Fitzgerald denies the allegations in Paragraph 234.

235.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 235 concerning economic analyses purportedly conducted by another party.    Cantor Fitzgerald denies the remaining allegations in Paragraph 235.

236.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 236 and the footnote thereto concerning economic analyses purportedly conducted by another party.    Cantor Fitzgerald denies the remaining allegations in Paragraph 236.

237.    Cantor Fitzgerald denies the allegations in Paragraph 237 and the footnote thereto.

238.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 238 concerning economic analyses purportedly conducted by another party.    Cantor Fitzgerald denies the remaining allegations in Paragraph 238.

239.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 239 concerning economic analyses purportedly conducted by another party.    Cantor Fitzgerald denies the remaining allegations in Paragraph 239.

240.    Cantor Fitzgerald denies the allegations in Paragraph 240, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 240 concerning an analysis purportedly conducted by another party.

241.    Cantor Fitzgerald denies the allegations in Paragraph 241, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

242.     Cantor Fitzgerald denies the allegations in Paragraph 242, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

243.     Cantor Fitzgerald denies the allegations in Paragraph 243, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning economic analyses purportedly conducted by another party.

244.     Cantor Fitzgerald denies the allegations in Paragraph 244.

245.     Cantor Fitzgerald denies the allegations in Paragraph 245 and states that there is no Figure 5 in the Complaint.

246.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 246 and the footnotes thereto concerning the steps purportedly taken by another party to carry out its analysis.

247.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 247 concerning the steps taken by another party to carry out its purported analysis.

248.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 248 concerning the steps taken by another party to carry out its purported analysis.

249.     Cantor Fitzgerald denies the allegations in Paragraph 249 and states that there is no Figure 6 in the Complaint.

250.     Cantor Fitzgerald denies the allegations in Paragraph 250.

251.    Cantor Fitzgerald denies the allegations in Paragraph 251, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

252.    Cantor Fitzgerald denies the allegations in Paragraph 252, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

253.    Cantor Fitzgerald denies the allegations in Paragraph 253 and the footnote thereto, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.  Cantor Fitzgerald further states that Paragraph 253 refers to a Brookings Institution study which speaks for itself.  Cantor Fitzgerald denies that the description of the study is fair and complete, and respectfully refers the Court to the study itself for a complete and accurate account of its contents.

254.    Cantor Fitzgerald denies the allegations in the first sentence of Paragraph 254, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 254 concerning other parties.  Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 250, except admits that its customers include institutional investors, some of which are state or municipal funds.

255.    Cantor Fitzgerald denies the allegations in Paragraph 255, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

256.    Cantor Fitzgerald denies the allegations in Paragraph 256, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

257.    Cantor Fitzgerald denies the allegations in Paragraph 257, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

258.    Paragraph 258 refers to guilty pleas and other documents related to a criminal investigation regarding the FX market.  Those documents speak for themselves.  Cantor Fitzgerald denies that the description of the documents is fair and complete, and respectfully refers the Court to those documents for a complete and accurate account of their contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 258, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

259.    Paragraph 259 refers to fines, guilty pleas, and civil settlements related to various LIBOR and other benchmark rates.  Those documents speak for themselves.  Cantor Fitzgerald denies that the description of the documents is fair and complete, and respectfully refers the Court to those documents for a complete and accurate account of their contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 259, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

260.    Paragraph 260 refers civil settlements and fines related to ISDAfix.  Those documents speak for themselves.  Cantor Fitzgerald denies that the description of the documents is fair and complete, and respectfully refers the Court to those documents for a complete and

accurate account of their contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 260, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

261.    Paragraph 261 refers to civil settlements related to the SSA bond market.  Those documents speak for themselves.  Cantor Fitzgerald denies that the description of the documents is fair and complete, and respectfully refers the Court to those documents for a complete and accurate account of their contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 261, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

262.    Paragraph 262 refers to a Mexican government announcement and other documents related to an investigation regarding Mexican government bonds.  Those documents speak for themselves.  Cantor Fitzgerald denies that the description of the documents is fair and complete, and respectfully refers the Court to those documents for a complete and accurate account of their contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 262, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

263.    Paragraph 263 refers to European Commission fines related to certain interest-rate derivatives. Those documents speak for themselves.  Cantor Fitzgerald denies that the description of the documents is fair and complete, and respectfully refers the Court to those documents for a complete and accurate account of their contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 263, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

264.    Cantor Fitzgerald admits that it participated in at least one GSE Bond transaction with Plaintiff.  Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 264.

265.    Cantor Fitzgerald denies the allegations in Paragraph 265.

266.    Paragraph 266 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 266.

267.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 267.

268.    Cantor Fitzgerald denies the allegations in Paragraph 268.

269.    Cantor Fitzgerald denies the allegations in Paragraph 269.

270.    Cantor Fitzgerald denies the allegations in Paragraph 270.

271.    Cantor Fitzgerald denies the allegations in Paragraph 271, except admits that it participated in at least one GSE Bond transaction with the State of Louisiana, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 271 concerning other parties.

272.    Cantor Fitzgerald denies the allegations in Paragraph 272.

273.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 273.

274.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 274.  Cantor Fitzgerald denies the allegations in the third sentence of Paragraph 274.

275.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 275.  Cantor Fitzgerald denies the allegations in the second sentence of Paragraph 275.

276.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 276.  Cantor Fitzgerald denies the allegations in the second sentence of Paragraph 276.

277.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 277.  Cantor Fitzgerald denies the allegations in the third sentence of Paragraph 277.

278.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 278.  Cantor Fitzgerald denies the allegations in the second sentence of Paragraph 278.

279.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 279.

280.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 280.

281.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 281.

282.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 282.

283.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 283.

284.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 284.

285.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 285.

286.     The first sentence of paragraph 286 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 286, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

287.     Cantor Fitzgerald denies the allegations in Paragraph 287, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

288.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 288.

289.     Paragraph 289 states legal conclusions as to which no response is required.

290.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 290.

291.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 291.

292.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 292.

293.     Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 293.

294.    Cantor Fitzgerald denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 294.

295.    Paragraph 295 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 295.

296.    Paragraph 296 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 296.

297.    Paragraph 297 refers to various Defendants' annual reports and codes of conduct which speak for themselves.  Cantor Fitzgerald denies that the description of those documents is fair and complete, and respectfully refers the Court to those documents for a complete and accurate account of their contents.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 297, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

298.    Paragraph 298 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 298.

299.    Paragraph 299 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 299.

300.    To the extent any answer is required to the allegations in Paragraph 300, Cantor Fitzgerald restates and adopts its answers to Paragraphs 1 through 299.

301.    Paragraph 301 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 301.

302.    Paragraph 302 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 302.

303.    Paragraph 303 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 303.

304.    Paragraph 304 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 304.

305.    Paragraph 305 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 305.

306.    Paragraph 306 states legal conclusions as to which no response is required.  To the extent a response is required, Cantor Fitzgerald denies the allegations in Paragraph 306.

## ANSWER TO PRAYER FOR RELIEF

Cantor Fitzgerald denies that Plaintiff is entitled to any relief in this action, including but not limited to the relief sought in subparts A through F of the "Prayer for Relief."  Cantor Fitzgerald requests that the Court enter judgment in Cantor Fitzgerald's favor on all claims and counts with prejudice and order such further relief as the Court deems just and proper, including, to the extent appropriate, all allowable costs and fees.

## RESPONSE TO PLAINTIFFS' DEMAND FOR A JURY TRIAL

Cantor Fitzgerald reserves its right to contest Plaintiffs' jury trial demand.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production that is not otherwise legally assigned to it as to any element asserted in the Complaint, Cantor Fitzgerald asserts the following affirmative and other defenses.

## FIRST DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because the Complaint fails to state a claim against Cantor Fitzgerald upon which relief can be granted.

40

## SECOND DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## THIRD DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Plaintiffs fail to plead and cannot establish fraudulent concealment with the requisite particularity.

## FOURTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, unclean hands, in pari delicto, and other applicable equitable defenses.

## FIFTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, by the doctrine of release, discharge, and/or by the doctrines of ratification and waiver.

## SIXTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, by the doctrine of accord and satisfaction.

## SIXTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, by Plaintiffs' lack of standing, including but not limited to Article III standing, to assert their claims.

## SEVENTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, for lack of antitrust standing and/or antitrust injury.

**EIGHTH DEFENSE**

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too remote and/or speculative to allow recovery.

**NINTH DEFENSE**

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Plaintiffs failed to make appropriate efforts to mitigate their alleged injury or damages that would have prevented all or part of any such alleged injury or damage.

**TENTH DEFENSE**

Cantor Fitzgerald is not liable for the conduct of any of its current or former employees and/or agents to the extent any of those employees and/or agents acted outside the scope of their authority.

**ELEVENTH DEFENSE**

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Cantor Fitzgerald is not liable for the acts, omissions, wrongs and/or negligence of any other Defendant, entity, or individual.

**TWELFTH DEFENSE**

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Plaintiffs have failed to join indispensable parties.

**THIRTEENTH DEFENSE**

Cantor Fitzgerald did not engage in any conduct, combination, or conspiracy in restraint of trade.

## FOURTEENTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because the prices of GSE Bonds were not artificially inflated.

## FIFTEENTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Plaintiffs do not allege the elements of a rule-of-reason claim and cannot establish any *per se* antitrust violation.

## SIXTEENTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Plaintiffs have failed to plead that they purchased products in any properly defined market or submarket.

## SEVENTEENTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Plaintiffs have failed to plead that Defendants have market power in any properly defined market or submarket.

## EIGHTEENTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because the alleged conduct that is the subject of the Complaint did not lessen competition in any relevant market or markets.

## NINETEENTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Cantor Fitzgerald had legitimate business justifications for the conduct at issue, its conduct was pro-competitive, and its practices were reasonably justified, including because its conduct was in furtherance of procompetitive syndicate activity.

### TWENTIETH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because they are implicitly precluded by the securities laws pursuant to *Credit Suisse Securities (USA) LLC v. Billing*, 551 U.S. 264 (2007).

### TWENTY-FIRST DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), to the extent Plaintiffs are indirect purchasers.

### TWENTY-SECOND DEFENSE

Plaintiffs claim for damages is subject to an offset based on any benefits they received as a result of the alleged conduct.

### TWENTY-THIRD DEFENSE

Plaintiffs' claim for injunctive relief is improper because Plaintiffs cannot establish likelihood of success on the merits, or irreparable harm, or that the balance of the hardships favor granting injunctive relief, or that injunctive relief would be in the public interest.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claim for injunctive relief is improper because Plaintiffs have an adequate remedy at law and no factual or legal basis for seeking equitable relief.

### TWENTY-FIFTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred in part by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a to the extent they are based on GSE Bond transactions conducted outside the United States.

## TWENTY-SIXTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Plaintiffs have not pleaded, and cannot demonstrate, injury in fact, loss, or actual damages.

## TWENTY-SEVENTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Plaintiffs have not pleaded, and cannot demonstrate, that any conduct by Cantor Fitzgerald was the but-for or proximate cause of any alleged harm.

## TWENTY-EIGHTH DEFENSE

The claims asserted in the Complaint against Cantor Fitzgerald are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were permitted to obtain any recovery in this action.

## TWENTY-NINTH DEFENSE

Plaintiffs are not entitled to recovery of attorney's fees or experts' fees, or costs of suit, as a matter of law.

## THIRTIETH DEFENSE

Without admitting that any violation of law occurred, in the event Plaintiffs obtain a verdict or judgment against Cantor Fitzgerald for any part or future claimed economic loss, Cantor Fitzgerald would be entitled to a reduction of any settlement amount received by Plaintiffs from other Defendants.

## THIRTY-FIRST DEFENSE

Without admitting that any violation of law occurred, in the event Plaintiffs obtain a verdict or judgment against Cantor Fitzgerald for any part or future claimed economic loss, Cantor Fitzgerald would be entitled to contribution and/or indemnity from other parties or entities.

## THIRTY-SECOND DEFENSE

Without admitting that any violation of law occurred, any damages that might be recovered by Plaintiffs must be reduced to account for comparative fault or negligence attributable to Plaintiffs or other parties.

## THIRTY-THIRD DEFENSE

Without admitting that any violation of law occurred, Cantor Fitzgerald asserts that, should it be held liable to Plaintiffs, which liability is specifically denied, the imposition of treble damages would be punitive and violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the United States Constitution.

## ADDITIONAL DEFENSES INCORPORATED

Cantor Fitzgerald incorporates by reference, as if fully set forth here, all other affirmative or additional defenses asserted by any other Defendant.

## ADDITIONAL DEFENSES RESERVED

Cantor Fitzgerald hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserves the right to amend its answer and to assert any additional defenses, cross-claims, counterclaims and third party claims as they become known or available.

**WHEREFORE**, Cantor Fitzgerald prays for relief and judgment:

A.   Dismissing the Complaint with prejudice;

B.   Denying Plaintiffs the relief sought in the Complaint;

C.   Ordering the Plaintiffs take nothing and that judgment be entered against Plaintiffs;

D.   Awarding Cantor Fitzgerald costs and expenses, including counsel and expert fees;

E.   Granting Cantor Fitzgerald such other and further relief as the Court may deem just and proper.

Dated:  New Orleans, Louisiana
         January 6, 2020

/s/ Rachel Wisdom
Rachel W. Wisdom (LA Bar No. 21167)
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, LA  70112-4042
Telephone:  (504) 593-0911
Facsimile:  (504) 596-0911
rwisdom@stonepigman.com

David Sapir Lesser
(*Pro Hac Vice Forthcoming*)
Andrew Sokol (*Pro Hac Vice Forthcoming*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, New York  10007
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888
david.lesser@wilmerhale.com
andrew.sokol@wilmerhale.com

Heather Steiner Nyong'o
(*Pro Hac Vice Forthcoming*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (202) 663-6315
Facsimile:  (202) 663-6363
heather.nyong'o@wilmerhale.com

*Attorneys for Defendant Cantor Fitzgerald & Co.*