# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA,<br>By and through its Attorney General,<br>JEFF LANDRY<br><br>*Plaintiff*,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>*Defendants*. | CASE NO. 3:19-cv-00638-SDD-RLB<br><br>CHIEF JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE<br>RICHARD L. BOURGEOIS, JR. |

## REPLY IN SUPPORT OF
## DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS

In its Opposition filed 31 days late,[1] the State of Louisiana ("Plaintiff") makes no effort to defend against Defendant Bank of America, N.A.'s ("BANA") arguments that it is not a proper defendant, effectively conceding that it has not stated a claim against BANA in its First Amended Complaint. Instead, Plaintiff goes to great lengths to argue that a different entity— Bank of America Corporation, which is not named as a defendant in the First Amended Complaint—is the proper defendant. To do so, Plaintiff argues both that BANA's motion to dismiss the First Amended Complaint is moot because of Plaintiff's proposed Second Amended Complaint (which asserts claims against Bank of America Corporation only and *not* BANA) and that the First Amended Complaint is somehow still viable and should not be dismissed because of that same Second Amended Complaint. *Compare* ECF No. 90, at 8 ("The filing of this second amended complaint renders any pending Rule 12(b)(6) motions moot."), *with id.* at 6 ("The State

---

[1] *See* M.D. La. R. 7(f) (response due 21 days after service of motion); Mot. to Dismiss, ECF No. 56 (filed Dec. 17, 2019); Opp'n, ECF No. 90 (filed Feb. 7, 2020).

asks this Court to consider the facts set forth in its proposed Second Amended Complaint, as if adopted herein *in extenso*."), *and id.* at 9 ("The State's Second Amended Complaint for Damages . . . has properly pled claims for relief . . . .").

Plaintiff errs twice. First, the Court cannot consider the *proposed* Second Amended Complaint at all—let alone as if incorporated into the First Amended Complaint—unless and until the Court grants Plaintiff leave to file that complaint. *See United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 321–22 (5th Cir. 2016) (noting that district court found answer to be "prematurely filed" because the amended complaint was "proposed, but not yet authorized")*; Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013) ("When deciding a Rule 12(b)(6) motion to dismiss, the district court is limited to the allegations set forth in the complaint."). Second, if the Court were to grant Plaintiff leave to file the Second Amended Complaint, it becomes even more apparent that all claims against BANA should be dismissed because Plaintiff does *not* include BANA as a defendant and does not accuse BANA of any wrongdoing in that complaint. That concession is dispositive.

The remainder of Plaintiff's Opposition argues that the proposed Second Amended Complaint "establish[es] that Merrill Lynch has been operating as an agent or business conduit of *Bank of America Corporation*," without once mentioning BANA. ECF No. 90, at 14 (emphasis added). Plaintiff's proposed amendments are futile: The allegations against Bank of America Corporation in the proposed Second Amended Complaint suffer from many of the same, and a few additional, flaws as the allegations against BANA in the First Amended

Complaint.  But, of course, those arguments regarding Bank of America Corporation are entirely irrelevant to the present motion regarding the First Amended Complaint and BANA.[2]

Because Plaintiff now agrees that BANA should not be a defendant in this case, and for the reasons articulated in BANA's motion to dismiss, BANA respectfully requests that the claims against it be dismissed.

Dated:  February 21, 2020                         Respectfully submitted,

/s/ *Michael D. Ferachi*
Michael D. Ferachi (Bar Roll No. 19566)
Zelma M. Frederick (Bar Roll No. 31459)
McGLINCHEY STAFFORD, PLLC
301 Main Street, 14th Floor
Baton Rouge, LA 70801
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
mferachi@mcglinchey.com
zfrederick@mcglinchey.com

*Attorneys for Bank of America, N.A.*

---

[2] *If* Plaintiff is allowed to file its Second Amended Complaint, it will need to serve Bank of America Corporation; Bank of America Corporation will then be entitled to file a motion to dismiss of its own, and the issues will be litigated in that context.

## Certificate of Service

I HEREBY CERTIFY that on this 21st day of February 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

/s/ *Michael D. Ferachi*
Michael D. Ferachi (Bar Roll No. 19566)