UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STATE OF LOUISIANA**                                                                   **CIVIL ACTION**

**VERSUS**                                                                                        **NO. 19-638-SDD-SDJ**

**BANK OF AMERICA
CORPORATION, et al.**

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE AND DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT

Before the Court are several Motions to Dismiss (R. Docs. 17, 19, 34, 56, 68, 69, 71, 87), along with Plaintiff's Motion for Leave (R. Doc. 88) to file a Second Amended Complaint (R. Doc. 88-3).[1] Of the 22 Defendants named in this lawsuit, new allegations raised in the proposed Second Amended Complaint relate to 7 of them — Jefferies Group LLC, Stifel Nicolaus & Co., Mizuho Securities, Bank of America, Merrill Lynch, Barclays Bank and Barclays Capital. Of those 7 Defendants, only 3 oppose Plaintiff's Motion for Leave to Amend (R. Doc. 96) (Jefferies and Mizuho); (R. Doc. 97) (Barclays Bank). Another Defendant, R.W. Baird, has also opposed the Motion for Leave, despite the proposed Second Amended Complaint not raising any new allegations against it. (R. Doc. 89). The Court has considered the parties' numerous filings and the applicable law. And for the reasons given below, Plaintiff's Motion for Leave (R. Doc. 88) is **GRANTED** and Defendants' Motions to Dismiss (R. Docs. 17, 19, 34, 56, 68, 69, 71, 87) are **DENIED as moot**.

---

[1] The Court notes that Plaintiff failed to comply with Local Rule 7(e)'s certification requirement. Plaintiff is cautioned that its failure to comply with Local Rule 7(e) in the future may result in the denial of its motion.

**I.     PROCEDURAL HISTORY**

Plaintiff, State of Louisiana (Plaintiff), filed this cause of action on September 23, 2019, alleging a "conspiracy" among the named Defendants to "fix the secondary market prices of bonds issued by government-sponsored entities." (R. Doc. 90 at 7). Within a month of the Complaint, 3 of the Defendants filed Motions to Dismiss arguing Plaintiff had failed to state a claim for relief — Jefferies Group (R. Doc. 17), R.W. Baird (R. Doc. 19) and Bank of America (R. Doc. 34). Within 21 days, Plaintiff filed its First Amended Complaint (R. Doc. 41) on December 3, 2019. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ."). The First Amended Complaint included additional state law claims and was intended to cure the deficiencies cited in the Motions to Dismiss. (R. Docs. 46, 47) (Plaintiff's Oppositions explained that the amendment cured the alleged deficiencies, while also adding negligence and LUPTA claims).

Throughout December and January, 7 Defendants filed a steady stream of Motions to Dismiss the First Amended Complaint. (R. Docs. 56, 68, 69, 71, 87). In response, Plaintiff filed the instant Motion for Leave (R. Doc. 88) to file a Second Amended Complaint (R. Doc. 88-3). According to Plaintiff, the Second Amended Complaint "presents allegations based on newly-discovered acts and communications in the furtherance of a conspiracy to fix prices in the market for GSE bonds." (R. Doc. 88-1 at 3). If the Court grants its Motion for Leave, Plaintiff suggests, the proposed Second Amended Complaint "would correct the alleged deficiencies cited by Defendants" in their Motions to Dismiss. (R. Doc. 90 at 7).

Four of the 22 Defendants oppose the amendment. The gravamen of their argument is that Plaintiff has already had a chance to amend and it would be "unfairly prejudicial" to require Defendants to file "yet another motion to dismiss." (R. Doc. 89 at 1). Simply put — "Enough is

enough." (R. Doc. 89 at 1); (R. Doc. 96 at 8) ("Here, enough is enough. The Court should put an end to Plaintiff's *seriatim* amendments . . . .").

## II.   DISSCUSSION

Although it was filed last, the Court will address Plaintiff's pending Motion for Leave (R. Doc. 88), before considering Defendants' Motions to Dismiss, as the Court's handling of Defendants' Motions depends upon the outcome of Plaintiff's request to amend.

### A.   Plaintiff's Motion for Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure states: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have liberally construed Rule 15(a)(2) in favor of amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("the liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend"). The decision to grant leave is within the sound discretion of the court.[2] However, "if the district court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

Here, Plaintiff's Second Amended Complaint was filed within nearly 4 months of the original Complaint, and before the parties have begun discovery or even submitted a status report. Based on "newly-discovered" information (R. Doc. 88-1 at 3), the Second Amended Complaint includes new factual allegations and is ultimately meant to address and remedy the issues raised in the Motions to Dismiss. (Pl.'s Opp'n, R. Doc. 90 at 7) (arguing that its Second Amended Complaint "would correct the alleged deficiencies cited by Defendants").

---

[2] "The types of reasons that might justify denial" of leave to amend "include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Generally, when a plaintiff seeks to amend following a motion to dismiss, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008); *see also Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (district abused its discretion in granting motion to dismiss, while denying subsequently filed motion for leave to amend, as moot; "Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss."); Order Granting Pl.'s Mot. for Leave at 3, *Kosatka v. Southern Nat'l Life Ins. Co.*, No. 13-cv-335-JJB-RLB (M.D. La. Nov. 22, 2013), ECF No. 24 (granting motion for leave to amend filed after defendant had moved to dismiss and noting: "Whether the Second Amended Complaint will remedy any of the alleged deficiencies . . . can also be decided by the filing of a similar dispositive motion."); *Biwen Liang v. Home Reno Concepts LLC*, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").

This 'preferred course' seems especially appropriate here, given that the case is in its infancy, and involves complex legal issues with multiple Defendants.[3] And despite their urging, the arguments made by Defendants in their Oppositions to the Motion for Leave, do not persuade otherwise.

---

[3] The Court, however, is not suggesting that Plaintiff will be given unlimited opportunities to amend. Although the Court finds the current amendment appropriate under the circumstances, it notes that Plaintiff's Motion for Leave is, at times, vague. For example, Plaintiff represents that the amendment is based on newly discovered acts and communications but does not indicate when this new discovery occurred. Plaintiff is cautioned that any future motions for leave to amend will be closely scrutinized sdj and require more supporting detail.

The gravamen of Defendants' response is that "it would be unfairly prejudicial . . . to allow an amendment that would require" the filing of "yet another motion to dismiss." (R. Doc. 89 at 1, 4) (it would be "unfairly and unduly prejudicial to require Baird to undertake the burden and expense" of another motion to dismiss); (R. Doc. 96 at 5-6) (Jefferies and Mizuho will be prejudiced by having to file a new motion to dismiss); (R. Doc. 97 at 1) ("it would be unfairly prejudicial to require BBPLC to file yet another motion to dismiss"). The Court does not agree.

Put simply, this argument is undercut by Defendants' own representations. For example, Baird readily admits that the Second Amended Complaint "***adds no new allegations regarding Baird***,"[4] but then suggests the "burden and expense" of filing another motion to dismiss would constitute undue prejudice. (R. Doc. 89 at 1, 4). However, it's difficult to see how Baird could expend enough time and money to be *unduly* prejudiced, should it simply renew a previously filed Motion to Dismiss. Jefferies and Mizuho similarly acknowledge that any response to the Second Amended Complaint would largely rest on the arguments already made in their pending Motion to Dismiss. (R. Doc. 96 at 8 n.5). And finally, while Barclays suggests it will be unduly prejudiced by filing a third motion to dismiss, the Court notes that Barclays first and second Motions are nearly identical (R. Docs. 39, 68). *See Molina v. Caliber Home Loans, Inc.*, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) ("As to being unduly prejudiced because of time and money already expended in filing two motions to dismiss, while the Court . . . supports litigation economy, it also

---

[4] Baird additionally argues that because the Second Amended Complaint "***adds nothing new regarding Baird***," it is "futile as to Baird" and leave to amend should be denied. (R. Doc. 89 at 4). As to Baird's futility argument, the Court notes that it is only 1 of 22 Defendants. And while the Second Amended Complaint could hypothetically "be futile for Plaintiff to avoid dismissal on some claims against some defendants, it may not be futile as to all claims against all defendants. This is relevant insofar as it would be burdensome for the Court to decide on a piecemeal basis which amended factual allegations to allow and which to deny." *Molina v. Caliber Home Loans, Inc.*, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) (rejecting a nearly identical argument). The interests of justice and efficiency warrant amendment in total.

recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort.").

Because much of the work already done by these Defendants "can likely be resubmitted with minimal additional expenses and effort," the Court does not find any undue prejudice. *Molina* 2016 WL 3660621, at *5; *see also Block v. First Blood Associates*, 988 F.2d 344, 251 (2d Cir. 1993) (expenditure of additional "time, effort and money" does not alone rise to the level of undue prejudice warranting the denial of leave to amend); *Galvan v. First Vehicle Servs., Inc.*, 2020 WL 1166857, at *4 (D. Colo. Mar. 11, 2020) ("And while defendant has already filed a motion to dismiss, any prejudice to defendant is slight because it will be able to file substantially similar briefing in response to the amended complaint."); *Faircloth v. Hickenlooper*, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019) ("Although the Opposing Defendants point out that their motions to dismiss are already fully briefed, given that the [same] claims [are] asserted against them in the Proposed Third Amended Complaint . . . any prejudice . . . is slight because they will be able to file substantially similar briefing in response to the Proposed Third Amended Complaint.").

Defendants additionally suggest that Plaintiff has been dilatory in seeking this amendment, as Plaintiff moved for leave after its deadline for responding to certain Motions to Dismiss.[5] But this argument carries little weight where this Court has not issued a Scheduling Order setting a deadline to amend pleadings and Rule 15(a)(2) does not impose any time limits on seeking leave to amend. *See Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires."). Defendants likewise argue that Plaintiff should have

---

[5] Barclays Bank, Jefferies Group, Mizuho Securities, and R.W. Baird filed Motions to Dismiss (R. Docs. 68, 69) in response to the First Amended Complaint (R. Doc. 41) on January 7, 2020. Under the Court's Local Rules, any opposition was due by January 28, 2020. Plaintiff's Motion for Leave was filed just 6 days later, on February 3, 2020.

included these new allegations in its original Complaint, but this ignores Plaintiff's representation that the Second Amended Complaint is based on "newly-discovered acts and communications."[6] (R. Doc. 88-1 at 3).

Beyond that, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). Considering the complex nature of Plaintiff's claims and the number of parties involved, the record does not support undue delay where Plaintiff filed the proposed amendment within nearly 4 months of the original Complaint and before a Scheduling Order has even been entered. *Compare In re American Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . require[ing] expansive [additional] discovery and litigation").

And so, for the reasons given above, the Court will **GRANT** Plaintiff's Motion for Leave (R. Doc. 88) to files its Second Amended Complaint (R. Doc. 88-3), which will be filed in the record by the Clerk of Court.

Because of its comprehensive nature — i.e., it does not simply reference or incorporate Plaintiff's earlier Complaints (R. Docs. 1, 41) — the Second Amended Complaint now serves as the operative pleading. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended

---

[6] The Court, again, acknowledges the vagueness of this representation and cautions Plaintiff that any future motions, regardless of the relief being sought, should include more detail. As an example, the Court would expect any future filing to specify when Plaintiff learned of new information.

complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). With that in mind, the Court now turns to Defendants' Motions to Dismiss.

### B.      Defendants' Motions to Dismiss

Courts vary in how they proceed when a plaintiff amends the complaint while a Rule 12 motion is pending. *See Melson v. Vista World Inc. & Assocs.*, 2012 WL 6002680, at *12 nn.3-4 (E.D. La. Nov. 30, 2012) (collecting cases). Nonetheless, "[m]any district courts — including [those in this Circuit] — routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint." *Rodgers v. Gusman*, 2019 WL 186669, at *2 & n.16 (E.D. La. Jan. 14, 2019) (collecting cases); *see also Garcia v. City of Amarillo, Texas*, 2018 WL 6272461, at *1 (N.D. Tex. Oct. 29, 2018) ("[A]n amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint."); *Xtria, LLC v. Int'l Ins. Alliance Inc.*, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot."); *Probado Technologies Corp. v. Smartnet, Inc.*, 2010 WL 918573, at *1 (S.D. Tex. Mar. 12, 2010) ("If an amended complaint does not incorporate the earlier pleading, the court may deny as moot a motion to dismiss that was filed before the operative amended complaint.").

And while a court may apply a pending Rule 12 motion to a newly amended complaint, it should nonetheless deny the pending motion as moot if that application "would cause confusion or detract from the efficient resolution of the issues . . . ." *Rodgers*, 2019 WL 186669, at *2 (In that situation, "it makes sense to require the defendant to file a new motion specifically addressing the amended complaint.").

Here, the comprehensive Second Amended Complaint contains new factual allegations intended to cure the defects cited in the Motions to Dismiss. For that reason, the Court finds it would be most efficient to **DENY** the pending Motions to Dismiss **as moot**, allowing any Defendant to re-urge its Motion if, after thoroughly reviewing the Second Amended Complaint, that Defendant genuinely believes Plaintiff has still failed to state a claim. *See Rodgers*, 2019 WL 186669, at *1-2 (denying pending motion to dismiss as moot, where subsequently filed amended complaint alleged new facts to correct the defects cited in the motion to dismiss); *Jefferson Community Health Care Centers, Inc. v. Jefferson Parish Gov't*, 2016 WL 4429953, at *2 (E.D. La. Aug. 22, 2016) (given the new allegations and claims in the amended complaint, it would be more efficient to deny pending motions to dismiss as moot and allow defendants to file renewed motions, addressing the amended complaint); *Biwen Liang v. Home Reno Concepts, LLC*, 2018 WL 1401801, at *3 (E.D.N.Y. March 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment, declare the Third Amended Complaint as the operative complaint, and let any order on a [renewed] motion to dismiss determine the facial validity of the RICO claim."); *Byorick v. CAS, Inc.*, 2015 WL 302147, at *2 (D. Colo. Jan. 22, 2015) ("[I]nstead of forcing a futility argument into its Rule 15(a) opposition brief, Northrup will be better served by waiting to file a renewed motion under Rule 12(b)(6) after Plaintiff's Second Amended Complaint is in place as the operative pleading . . . .").

### III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Plaintiff's Motion for Leave (R. Doc. 88) is **GRANTED**. Plaintiff's Second Amended Complaint (R. Doc. 88-3) will be **filed** in the **record** by the Clerk of Court, and will then serve as the operative pleading.

Additionally, **IT IS ORDERED** that Defendants' pending Motions to Dismiss (R. Docs. 17, 19, 34, 56, 68, 69, 71, 87) are **DENIED as moot**.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>July 13, 2020</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**