**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

```
------------------------------------------------------------------x
                                            :
STATE OF LOUISIANA, by and through its      :      No. 3:19-cv-00638-SDD-SDJ
Attorney General, JEFF LANDRY,              :
                                            :
              Plaintiff,                     :
                                            :
v.                                          :
                                            :
BANK OF AMERICA, N.A., et al.,              :
                                            :
              Defendants,                    :
                                            :
------------------------------------------------------------------x
```

**ANSWER OF DEFENDANT JPMORGAN CHASE**
**BANK, N.A. AND J.P. MORGAN SECURITIES LLC**
**TO SECOND AMENDED COMPLAINT FOR DAMAGES**

Defendants JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC (collectively "JPMS"), by their attorneys, hereby answer plaintiff's Second Amended Complaint for Damages, filed December 3, 2019 (ECF No. 130, the "Second Amended Complaint"), as follows:

To the extent that the paragraph prior to the Second Amended Complaint's first numbered paragraph or heading requires a response, JPMS denies the allegations contained therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to plaintiff.

1.      JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Second Amended Complaint.

2.      JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Second Amended Complaint.

3.      JPMS denies the allegations contained in paragraph 3 of the Second Amended Complaint.

4.      JPMS denies the allegations contained in paragraph 4 of the Second Amended Complaint, except admits that defendants participate as underwriters in the process that GSEs use to issue debt and as dealers of GSE bonds to investors.

5.      JPMS denies the allegations contained in paragraph 5 of the Second Amended Complaint, except admits that, in June 2018, there were reports that the United States Department of Justice Antitrust Division was conducting an investigation of GSE bond trading, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of paragraph 5 relating to the purported excerpt from an electronic chat among persons other than JPMS.

6.      JPMS denies the allegations contained in paragraph 6 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Amended Complaint to the extent that they relate to persons other than JPMS.

7.      JPMS denies the allegations contained in paragraph 7 of the Second Amended Complaint, except admits that GSE bonds are traded over-the-counter and not on exchanges and that price quotes may be provided by phone or electronic chats.

8.      JPMS denies the allegations contained in paragraph 8 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Amended Complaint to the extent that they relate to persons other than JPMS.

9.      JPMS denies the allegations contained in paragraph 9 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 9 of the Second Amended Complaint.

10.     JPMS denies the allegations contained in paragraph 10 of the Second Amended Complaint.

11.     JPMS denies the allegations contained in paragraph 11 of the Second Amended Complaint.

12.     JPMS denies the allegations contained in paragraph 12 of the Second Amended Complaint.

13.     JPMS denies the allegations contained in paragraph 13 of the Second Amended Complaint, except admits that, in 2010, FINRA required certain of its members to report all secondary market GSE bond transactions to its Trade Reporting and Compliance Engine ("TRACE"), which provides post-trade price information to the public.

14.     JPMS denies the allegations contained in paragraph 14 of the Second Amended Complaint, except admits that traders involved in GSE bond syndicates were allowed to participate in multi-bank chatrooms to discuss the pricing and other details of the sale of the GSE bonds that they were jointly underwriting, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 14 of the Second Amended Complaint.

15.     JPMS denies the allegations contained in paragraph 15 of the Second Amended Complaint.

16.     Paragraph 16 of the Second Amended Complaint states a legal conclusion to which no response is required.

17.    The first sentence of paragraph 17 of the Second Amended Complaint states a legal conclusion to which no response is required.  JPMS denies the remaining allegations contained in paragraph 17 of the Second Amended Complaint, except admits that JPMS's GSE bond trading desk is located in New York, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 to the extent that they relate to persons other than JPMS.

18.    The first sentence of paragraph 18 of the Second Amended Complaint states a legal conclusion to which no response is required.  JPMS denies the remaining allegations contained in paragraph 18 of the Second Amended Complaint, except admits that JPMS's principal place of business is in the United States, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 18 to the extent that they relate to persons other than JPMS.

19.    JPMS denies the allegations contained in paragraph 19 of the Second Amended Complaint.

20.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Second Amended Complaint.

21.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Complaint, except denies the existence of the alleged conspiracy to which the final two sentences of paragraph 21 refer, and except admits that JPMS transacted with the State of Louisiana between 2009 and 2016.

22.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint.

23.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Second Amended Complaint.

24.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Second Amended Complaint.

25.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Second Amended Complaint.

26.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Second Amended Complaint.

27.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint.

28.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Second Amended Complaint.

29.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Second Amended Complaint.

30.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Second Amended Complaint.

31.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Second Amended Complaint.

32.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Second Amended Complaint.

33.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Second Amended Complaint.

34.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Second Amended Complaint.

35.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Second Amended Complaint.

36.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Second Amended Complaint.

37.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Second Amended Complaint.

38.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Second Amended Complaint.

39.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Second Amended Complaint.

40.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Second Amended Complaint.

41.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Second Amended Complaint.

42.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Second Amended Complaint.

43.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Second Amended Complaint.

44.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Second Amended Complaint.

45.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Second Amended Complaint.

46.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Second Amended Complaint.

47.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Second Amended Complaint.

48.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Second Amended Complaint.

49.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Second Amended Complaint.

50.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Second Amended Complaint.

51.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Second Amended Complaint.

52.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Second Amended Complaint.

53.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Second Amended Complaint.

54.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Second Amended Complaint.

55.     JPMS denies the allegations contained in paragraph 55 of the Second Amended Complaint, except admits that it is a Delaware limited liability company with its headquarters in New York, New York; that it is a wholly owned subsidiary of JPMorgan Chase & Co.; that

JPMorgan Chase Bank National Association ("JPM NA") is also a wholly owned subsidiary of JPMorgan Chase & Co.; that it is registered with the SEC as a broker-dealer and investment adviser and registered with the CFTC as a futures commission merchant; that it acts as a primary dealer in U.S. government securities, makes markets in GSE bonds, and clears OTC derivative contracts in connection with its corporate affiliates' market-making and risk management activities; that it is an approved dealer for Fannie Mae, Freddie Mac, FHLB and FFCB; and that, between 2009 and 2016, JPMS traded GSE bonds with the State of Louisiana.

56.    JPMS denies the allegations contained in paragraph 56 of the Second Amended Complaint, except admits that JPM NA is a wholly owned subsidiary of JPMorgan Chase & Co. and that JPM NA is a national banking association with branches in at least 23 states.

57.    JPMS denies the allegations contained in paragraph 57 of the Second Amended Complaint, except admits that, on October 1, 2016, it acquired J.P. Morgan Clearing Corp., which offered execution and clearing services for corporations affiliated under the "JPMorgan" name.

58.    JPMS denies the allegations contained in paragraph 58 of the Second Amended Complaint.

59.    JPMS admits the allegations contained in paragraph 59 of the Second Amended Complaint.

60.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Second Amended Complaint.

61.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Second Amended Complaint.

62.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Second Amended Complaint.

63.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Second Amended Complaint.

64.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Second Amended Complaint.

65.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Second Amended Complaint.

66.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Second Amended Complaint.

67.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Second Amended Complaint.

68.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Second Amended Complaint.

69.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Second Amended Complaint.

70.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Second Amended Complaint.

71.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Second Amended Complaint.

72.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Second Amended Complaint.

73.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Second Amended Complaint.

74.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Second Amended Complaint.

75.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Second Amended Complaint.

76.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Second Amended Complaint.

77.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Second Amended Complaint.

78.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Second Amended Complaint.

79.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Second Amended Complaint.

80.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Second Amended Complaint.

81.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Second Amended Complaint.

82.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Second Amended Complaint.

83.     Paragraph 83 of the Second Amended Complaint requires no response because it is blank.

84.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Second Amended Complaint.

85.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Second Amended Complaint.

86.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Second Amended Complaint.

87.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Second Amended Complaint.

88.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Second Amended Complaint.

89     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Second Amended Complaint.

90.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Second Amended Complaint.

91.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Second Amended Complaint.

92.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Second Amended Complaint.

93.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Second Amended Complaint.

94.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Second Amended Complaint.

95.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Second Amended Complaint.

96.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Second Amended Complaint.

97.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Second Amended Complaint.

98.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Second Amended Complaint.

99.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Second Amended Complaint.

100.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Second Amended Complaint.

101.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Second Amended Complaint.

102.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Second Amended Complaint.

103.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Second Amended Complaint.

104.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Second Amended Complaint.

105.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Second Amended Complaint.

106.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Second Amended Complaint.

107.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Second Amended Complaint

108.    JPMS denies the allegations contained in paragraph 108 of the Second Amended Complaint, except admits that JPMS was an approved dealer for debt securities issued by Fannie Mae, Freddie Mac, FHLB and FFCB between 2009 and 2016, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Second Amended Complaint to the extent that they relate to persons other than JPMS.

109.    JPMS denies the allegations contained in paragraph 109 of the Second Amended Complaint.

110.    JPMS denies the allegations contained in paragraph 110 of the Second Amended Complaint, except admits that GSEs are privately run enterprises sponsored by the federal government; that Congress created Fannie Mae and Freddie Mac to, among other things, provide liquidity, stability and affordability in the national residential mortgage market; and that, among other things, Fannie Mae and Freddie Mac provide liquidity to banks and mortgage companies that make residential mortgage loans to consumers with the goal of making mortgage loans more affordable for consumers.

111.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Second Amended Complaint, except admits that FHLB is a system of regional banks that was created to, among other things, support lending and related community investment.

112.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Second Amended Complaint, except admits that

FFCB is a part of the Farm Credit System; was created to, among other things, provide American agricultural entities with dependable credit at competitive interest rates; and issues GSE bonds.

113.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Second Amended Complaint, except admits that GSEs finance operations by issuing GSE bonds; that GSE bond issuances occur several times a month, typically in a predictable pattern based on a pre-determined schedule; and that many newly issued GSE bonds have similar or identical characteristics to existing GSE bonds.

114.    JPMS admits the allegations contained in paragraph 114 of the Second Amended Complaint.

115.    JPMS denies the allegations contained in paragraph 115 of the Second Amended Complaint.

116.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Second Amended Complaint, except admits that Fannie Mae, Freddie Mac, FHLB and FFCB each issues GSE bonds; that credit risk is the risk that an entity will default on its repayment obligations; that GSE bonds are not backed by the full faith and credit of the United States government; and that credit risk is generally low for GSE bonds.

117.    JPMS denies the allegations contained in paragraph 117 of the Second Amended Complaint, except admits that GSE bonds are exempt from the registration and disclosure provisions of the federal securities laws.

118.    JPMS denies the allegations contained in paragraph 118 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 to the extent that they relate to persons other than JPMS.

119.    JPMS denies the allegations contained in paragraph 119 of the Second Amended Complaint, except admits that face value, maturity and coupon payment are used to determine anticipated "yield to maturity," which is the annual return that the holder of a GSE bond earns from the instrument.

120.    JPMS denies the allegations contained in paragraph 120 of the Second Amended Complaint, except admits the allegations contained in the first sentence of paragraph 120 and admits that recently issued GSE bonds are sometimes referred to as "on-the-run" bonds and previously issued GSE bonds are sometimes referred to as "off-the-run" bonds.

121.    JPMS admits the allegations contained in paragraph 121 of the Second Amended Complaint.

122.    JPMS admits the allegations contained in paragraph 122 of the Second Amended Complaint.

123.    JPMS admits the allegations contained in paragraph 123 of the Second Amended Complaint.

124.    JPMS admits the allegations contained in paragraph 124 of the Second Amended Complaint.

125.    JPMS denies the allegations contained in paragraph 125 of the Second Amended Complaint, except admits that Fannie Mae, Freddie Mac, FHLB and FFCB may issue GSE bonds through approved GSE bond dealers, who underwrite the GSE bonds.

126.    JPMS denies the allegations contained in paragraph 126 of the Second Amended Complaint, except admits that Fannie Mae, Freddie Mac, FHLB and FFCB issue GSE bonds to approved GSE bond dealers.

127.    JPMS denies the allegations contained in paragraph 127 of the Second Amended Complaint, except admits that GSEs may select approved GSE bond dealers to underwrite a new bond issuance in the following ways: by award of the GSE, by bidding in a GSE bond auction, or by expressing demand for a specific kind of bond to the GSE.

128.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Second Amended Complaint, except admits that certain GSEs circulate periodic "scorecards."

129.    JPMS denies the allegations contained in paragraph 129 of the Second Amended Complaint, except admits that, in connection with a GSE bond auction, approved GSE bond dealers may work together as a group, or syndicate, to submit proposals to the GSE reflecting their plans for underwriting and bringing a new bond to market, including how the offering will be allocated among the approved GSE bond dealers in the syndicate; and that, if the syndicate is selected to place the new GSE bond, each member of the syndicate receives an allocation of the newly issued GSE bonds.

130.    JPMS denies the allegations contained in paragraph 130 of the Second Amended Complaint, except admits that, in the syndication phase, the approved GSE bond dealers that won the auction try to place the new GSE bonds in the marketplace, and that, during the syndication phase, the approved GSE bond dealers are permitted to communicate with one another to effectuate the initial placement of the bonds.

131.    JPMS denies the allegations contained in paragraph 131 of the Second Amended Complaint, except admits that certain traders who participated in the GSE bond syndicate may also trade GSE bonds after they are free to trade.

132.     JPMS denies the allegations contained in paragraph 132 of the Second Amended Complaint.

133.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Second Amended Complaint.

134.     JPMS denies the allegations contained in paragraph 134 of the Second Amended Complaint, except admits that the allegations contained in paragraph 134 describe one manner in which a GSE bond investment by an investor may, but need not necessarily, occur.

135.     JPMS denies the allegations contained in paragraph 135 of the Second Amended Complaint, except admits that approved GSE bond dealers that participate in a GSE bond underwriting syndicate secure an allocation of the GSE bonds to be underwritten that they may subsequently sell to investors.

136.     JPMS denies the allegations contained in paragraph 136 of the Second Amended Complaint.

137.     JPMS denies the allegations contained in paragraph 137 of the Second Amended Complaint.

138.     JPMS denies the allegations contained in paragraph 138 of the Second Amended Complaint, except admits that investors and dealers often use the prices and yields offered by U.S. Treasury securities as a comparison in determining GSE bond prices, and that U.S. Treasury securities are widely viewed as a low risk, actively traded debt security available to investors.

139.     JPMS denies the allegations contained in paragraph 139 of the Second Amended Complaint, except admits that interest rates and bond prices generally have an inverse relationship.

140.     JPMS denies the allegations contained in paragraph 140 of the Second Amended Complaint, except admits that GSE bonds are traded over-the-counter, and that JPMS has

conducted GSE bond trades over the phone or by message, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 to the extent that they relate to persons other than JPMS.

141.    JPMS denies the allegations contained in paragraph 141 of the Second Amended Complaint, except admits that the difference between the price offered to purchase a bond and the price offered to sell that bond is often called the "bid-ask spread."

142.    JPMS denies the allegations contained in paragraph 142 of the Second Amended Complaint, except admits that the bid price is generally the price at which a dealer is willing to buy a given GSE bond, and the ask price is generally the price at which a dealer is willing to sell a given GSE bond.

143.    JPMS denies the allegations contained in paragraph 143 of the Second Amended Complaint, except admits that the bid-ask spread in the hypothetical in paragraph 143 would be $0.20.

144.    JPMS denies the allegations contained in paragraph 144 of the Second Amended Complaint, except admits that bid-ask spreads often have an inverse relationship to liquidity in the market, and that bid-ask spreads are often used as a proxy to assess bond market liquidity.

145.    JPMS denies the allegations contained in paragraph 145 of the Second Amended Complaint, except admits that, in a competitive OTC market, dealers compete against one another by, among other things, offering better prices to their customers.

146.    JPMS denies the allegations contained in paragraph 146 of the Second Amended Complaint.

147.    JPMS denies the allegations contained in paragraph 147 of the Second Amended Complaint.

148.    JPMS denies the allegations contained in paragraph 148 of the Second Amended Complaint.

149.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the Second Amended Complaint.

150.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the Second Amended Complaint.

151.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the Second Amended Complaint.

152.    JPMS denies the allegations in the first sentence of paragraph 152 of the Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 152 of the Second Amended Complaint.

153.    JPMS denies the allegations contained in paragraph 153 of the Second Amended Complaint.

154.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 of the Second Amended Complaint.

155.    JPMS denies the allegations contained in paragraph 155 of the Second Amended Complaint.

156.    JPMS denies the allegations contained in paragraph 156 of the Second Amended Complaint, except admits that generally no single dealer can maintain a price above a competitive level without losing business to its competitors.

157.    JPMS denies the allegations contained in paragraph 157 of the Second Amended Complaint.

158.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Second Amended Complaint.

159.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the Second Amended Complaint.

160.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the Second Amended Complaint.

161.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the Second Amended Complaint.

162.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the Second Amended Complaint.

163.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the Second Amended Complaint.

164.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Second Amended Complaint.

165.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the Second Amended Complaint.

166.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of the Second Amended Complaint.

167.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the Second Amended Complaint.

168.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168 of the Second Amended Complaint.

169.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of the Second Amended Complaint.

170.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of the Second Amended Complaint.

171.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171 of the Second Amended Complaint.

172.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172 of the Second Amended Complaint.

173.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of the Second Amended Complaint.

174.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the Second Amended Complaint.

175.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 of the Second Amended Complaint.

176.    JPMS denies the allegations contained in paragraph 176 of the Second Amended Complaint, except admits that, on September 28, 2010, DBSI and JPMS agreed to jointly underwrite $50 million of Fannie Mae GSE bonds; that, on September 29, 2010, they purchased an additional $50 million in GSE bonds from Fannie Mae; and that, on September 29, 2010, a trader from JPMS and a trader from DBSI participated in an electronic chat, an excerpt of which is reproduced in paragraph 176 of the Second Amended Complaint, related to their joint underwriting.

177.    JPMS denies the allegations contained in paragraph 177 of the Second Amended Complaint, except admits that, on July 22, 2011, a trader from JPMS, a trader from DBSI and a

trader from BNP Securities participated in an electronic chat, an excerpt of which is reproduced in paragraph 177 of the Second Amended Complaint, related to an underwriting in which they were all participating.

178.    JPMS denies the allegations contained in paragraph 178 of the Second Amended Complaint, except admits that, on August 11, 2009, a trader from JPMS sent an electronic message, an copy of which is reproduced in paragraph 178 of the Second Amended Complaint, to a trader from DBSI concerning an underwriting in which they were both participating.

179.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 of the Second Amended Complaint.

180.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180 of the Second Amended Complaint.

181.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181 of the Second Amended Complaint.

182.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of the Second Amended Complaint.

183.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 of the Second Amended Complaint.

184.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184 of the Second Amended Complaint.

185.    JPMS denies the allegations contained in paragraph 185 of the Second Amended Complaint, and respectfully refers the Court to the full text of the referenced *Bloomberg* article for the complete and accurate contents thereof.

186.    JPMS denies the allegations contained in paragraph 186 of the Second Amended Complaint, and respectfully refers the Court to the full text of the referenced *Bloomberg* article for the complete and accurate contents thereof.

187.    JPMS denies the allegations contained in paragraph 187 of the Second Amended Complaint,  except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence in paragraph 187 of the Second Amended Complaint, and respectfully refers the Court to the full text of the referenced *Bloomberg* article and the BNP Paribas annual financial report filed on March 5, 2019, for the complete and accurate contents thereof.

188.    JPMS denies the allegations contained in paragraph 188 of the Second Amended Complaint.

189.    JPMS denies the allegations contained in paragraph 189 of the Second Amended Complaint.

190.    JPMS denies the allegations contained in paragraph 190 of the Second Amended Complaint, except admits that certain GSEs can award approved GSE bond dealers the right to underwrite and syndicate GSE bonds through an auction process that allows for groups of approved GSE bond dealers to submit joint bids and that, after the auction is held, the winning group of approved GSE bond dealers are permitted to communicate with each other about the GSE bond to facilitate the underwriting of the bond.

191.    JPMS denies the allegations contained in paragraph 191 of the Second Amended Complaint.

192.    JPMS denies the allegations contained in paragraph 192 of the Second Amended Complaint, except admits that defendants could communicate freely with one another during the underwriting and syndication of GSE bonds.

193.    JPMS denies the allegations contained in paragraph 193 of the Second Amended Complaint, except admits that defendants used electronic group chat rooms offered by Instant Bloomberg to communicate with one another during the underwriting and syndication of GSE bonds.

194.    JPMS denies the allegations contained in paragraph 194 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 194 of the Second Amended Complaint.

195.    JPMS denies the allegations contained in paragraph 195 of the Second Amended Complaint.

196.    JPMS denies the allegations contained in paragraph 196 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196 of the Second Amended Complaint to the extent that they relate to persons other than JPMS.

197.    JPMS denies the allegations contained in paragraph 197 of the Second Amended Complaint.

198.    JPMS denies the allegations contained in paragraph 198 of the Second Amended Complaint.

199.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199 of the Second Amended Complaint.

200.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200 of the Second Amended Complaint.

201.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201 of the Second Amended Complaint.

202.    JPMS denies the allegations contained in paragraph 202 of the Second Amended Complaint, except admits that GSEs monitored defendants' performance in connection with the underwriting and offering of their bonds.

203.    JPMS denies the allegations contained in the last sentence of paragraph 203 of the Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 203 of the Second Amended Complaint.

204.    JPMS denies the allegations contained in paragraph 204 of the Second Amended Complaint, except admits that certain GSEs issue periodic "scorecards" that assess the performance of GSE bond dealers.

205.    JPMS denies the allegations contained in paragraph 205 of the Second Amended Complaint.

206.    JPMS denies the allegations contained in paragraph 206 of the Second Amended Complaint.

207.    JPMS denies the allegations contained in paragraph 207 of the Second Amended Complaint, except admits that changes in prevailing interest rates and other factors can affect the value of GSE bonds held in a dealer's inventory, and respectfully refers the Court to the report of the Bank for International Settlements for the complete and accurate contents thereof.

208.     JPMS denies the allegations contained in paragraph 208 of the Second Amended Complaint.

209.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 209 of the Second Amended Complaint, except denies the existence of any price-fixing conspiracy that successfully inflated the prices that investors paid when buying GSE bonds and deflated the prices that investors received when selling GSE bonds between 2009 and 2016.

210.     JPMS denies the allegations contained in paragraph 210 of the Second Amended Complaint.

211.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211 of the Second Amended Complaint.

212.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 212 of the Second Amended Complaint, and denies the remaining allegations contained in paragraph 212 of the Second Amended Complaint.

213.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 213 of the Second Amended Complaint.

214.     JPMS denies the allegations contained in paragraph 214 of the Second Amended Complaint.

215.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215 of the Second Amended Complaint.

216.     JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 216 of the Second Amended Complaint.

217.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 217 of the Second Amended Complaint.

218.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218 of the Second Amended Complaint.

219.    JPMS denies the allegations contained in paragraph 219 of the Second Amended Complaint.

220.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220 of the Second Amended Complaint, except denies the allegation that prices were inflated for newly issued GSE bonds.

221.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221 of the Second Amended Complaint, except denies the allegation that each defendant charged significantly higher prices for newly issued GSE bonds it sold to investors between 2009 and 2016 compared to after January 1, 2016.

222.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222 of the Second Amended Complaint, except denies the allegation that the prices of GSE bonds that defendants underwrote were artificially inflated from at least March 1, 2010 through January 1, 2016.

223.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 223 of the Second Amended Complaint, except admits that United States Treasury securities carry a similar, though not identical, amount of credit risk as GSE bonds.

224.    JPMS denies the allegations contained in paragraph 224 of the Second Amended Complaint, except admits that the credit condition of the United States federal government and

prevailing interest rates are two macroeconomic factors that may affect GSE bonds and United States Treasury securities similarly.

225.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 225 of the Second Amended Complaint.

226.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 226 of the Second Amended Complaint, except denies the allegation that defendants charged inflated prices for newly issued GSE bonds on offer days.

227.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 227 of the Second Amended Complaint.

228.    JPMS denies the allegations contained in paragraph 228 of the Second Amended Complaint.

229.    JPMS denies the allegations contained in paragraph 229 of the Second Amended Complaint, except admits that newly issued GSE bonds of a given type with similar features to an existing GSE bond may be referred to as "on-the-run."

230.    JPMS denies the allegations contained in paragraph 230 of the Second Amended Complaint.

231.    JPMS denies the allegations contained in paragraph 231 of the Second Amended Complaint.

232.    JPMS denies the allegations contained in paragraph 232 of the Second Amended Complaint.

233.    JPMS denies the allegations contained in paragraph 233 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations related to plaintiffs' purported findings about GSE bonds about to go off-the-run.

234.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 234 of the Second Amended Complaint, except denies the existence of price inflation in advance of new GSE bond issuances.

235.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 235 of the Second Amended Complaint, except denies the existence of price inflation of Notes about to go off-the-run.

236.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 236 of the Second Amended Complaint.

237.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 237 of the Second Amended Complaint, except denies the allegations that defendants charged inflated prices to customers (both buyers and sellers) on the day before the auction date of a newly issued GSE bond.

238.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 238 of the Second Amended Complaint, except denies the allegation that, in a competitive market, a bond price would necessarily decrease and the bond yield would necessarily increase when the formerly on-the-run bond went off-the-run.

239.    JPMS denies the allegations contained in paragraph 239 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to plaintiffs' purported analysis.

240.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 240 of the Second Amended Complaint.

241.    JPMS denies the allegations contained in paragraph 241 of the Second Amended Complaint.

242.    JPMS denies the allegations contained in paragraph 242 of the Second Amended Complaint.

243.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 243 of the Second Amended Complaint.

244.    JPMS denies the allegations contained in paragraph 244 of the Second Amended Complaint.

245.    JPMS denies the allegations contained in paragraph 245 of the Second Amended Complaint.

246.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 246 of the Second Amended Complaint.

247.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 247 of the Second Amended Complaint.

248.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 248 of the Second Amended Complaint.

249.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 249 of the Second Amended Complaint.

250.    JPMS denies the allegations contained in paragraph 250 of the Second Amended Complaint.

251.    JPMS denies the allegations contained in paragraph 251 of the Second Amended Complaint.

252.    JPMS denies the allegations contained in paragraph 252 of the Second Amended Complaint.

253.    JPMS denies the allegations contained in paragraph 253 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the Brookings Institution article to which paragraph 253 of the Second Amended Complaint refers, and respectfully refers the Court to the full text of the article for the complete and accurate contents thereof.

254.    JPMS denies the allegations contained in paragraph 254 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 254 of the Second Amended Complaint that relate to institutional investors like plaintiffs.

255.    JPMS denies the allegations contained in paragraph 255 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 255 of the Second Amended Complaint that relate to market participants like plaintiffs.

256.    JPMS denies the allegations contained in paragraph 256 of the Second Amended Complaint.

257.    JPMS denies the allegations contained in paragraph 257 of the Second Amended Complaint.

258.    JPMS denies the allegations contained in paragraph 258 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 258 of the Second Amended Complaint to the extent that they relate to persons other than JPMS, and except admits that its parent corporation, JPMorgan Chase & Co., entered a guilty plea with the Department of Justice; that the European Commission recently announced a resolution of its investigation into the conduct of several banks, including

JPMorgan Chase & Co.; and that a number of banks settled civil class action litigation; and respectfully refers the Court to the full text of the plea agreement with the Department of Justice, the announcement of the European Commission and the civil settlement agreement for the complete and accurate contents thereof.

259.    JPMS denies the allegations contained in paragraph 259 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 259 of the Second Amended Complaint to the extent that they relate to persons other than JPMS, and except admits that the European Commission and Swiss Competition Commission announced resolutions of investigation into the conduct of several banks, including JPMorgan Chase & Co.; and that a number of banks, including JPMorgan Chase & Co., settled certain civil class action litigation; and respectfully refers the Court to the full text of the civil settlements and announcements of the European Commission and Swiss Competition Commission for the complete and accurate contents thereof.

260.    JPMS denies the allegations contained in paragraph 260 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260 of the Second Amended Complaint to the extent that they relate to persons other than JPMS, and avers that, on June 18, 2018, JPM NA entered into a settlement agreement with the Commodity Futures Trading Commission regarding ISDAfix that did not contain any admissions of wrongdoing.

261.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 261 of the Second Amended Complaint.

262.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 262 of the Second Amended Complaint, and respectfully

refers the Court to the full text of the April 2017 announcement of the Mexican antitrust regulator for the complete and accurate contents thereof.

263.    JPMS denies the allegations contained in paragraph 263 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 263 of the Second Amended Complaint to the extent that they relate to persons other than JPMS, and except admits that, in October 2014, the European Commission announced the resolution of its investigation into the conduct of several banks, including JPMorgan Chase & Co., and respectfully refers the Court to the full text of the announcement for the complete and accurate contents thereof.

264.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 264 of the Second Amended Complaint.

265.    JPMS denies the allegations contained in paragraph 265 of the Second Amended Complaint.

266.    JPMS denies the allegations contained in paragraph 266 of the Second Amended Complaint.

267.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 267 of the Second Amended Complaint, except admits that the State of Louisiana transacted with JPMS between 2009 and 2016, and except denies the allegations that the State of Louisiana's transactions were entered at artificial prices caused by an alleged conspiracy among defendants or that defendants agreed to fix prices between 2009 and 2016.

268.    JPMS denies the allegations contained in paragraph 268 of the Second Amended Complaint.

269.    JPMS denies the allegations contained in paragraph 269 of the Second Amended Complaint.

270.    JPMS denies the allegations contained in paragraph 270 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that the State of Louisiana's GSE bond transactions included purchases of newly issued GSE bonds in the week following GSE bond issuances.

271.    JPMS denies the allegations contained in paragraph 271 of the Second Amended Complaint, except admits that the State of Louisiana's Treasury purchased GSE bonds from JPMS between 2009 and 2016.

272.    JPMS denies the allegations contained in paragraph 272 of the Second Amended Complaint.

273.    JPMS denies the allegations contained in paragraph 273 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that, between 2012 and 2013, the State of Louisiana sold GSE bonds to Barclays and Credit Suisse, or that Fannie Mae issued these same GSE bonds on dates after the GSE bonds were sold to Barclays and Credit Suisse.

274.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 274 of the Second Amended Complaint and denies the allegations contained in the second sentence of paragraph 274 of the Second Amended Complaint.

275.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 275 of the Second Amended Complaint

and denies the allegations contained in the second sentence of paragraph 275 of the Second Amended Complaint.

276.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence paragraph 276 of the Second Amended Complaint and denies the allegations contained in the second sentence of paragraph 276 of the Second Amended Complaint.

277.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 277 of the Second Amended Complaint and denies the allegations contained in the third sentence of paragraph 277 of the Second Amended Complaint.

278.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 278 of the Second Amended Complaint and denies the allegations contained in the second sentence of paragraph 278 of the Second Amended Complaint.

279.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 279 of the Second Amended Complaint.

280.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 280 of the Second Amended Complaint.

281.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 281 of the Second Amended Complaint.

282.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 282 of the Second Amended Complaint.

283.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 283 of the Second Amended Complaint.

284.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 284 of the Second Amended Complaint.

285.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 285 of the Second Amended Complaint.

286.    The first sentence of paragraph 286 of the Second Amended Complaint states a legal conclusion to which no response is required.  JPMS denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 286 of the Second Amended Complaint.

287.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 287 of the Second Amended Complaint.

288.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 288 of the Second Amended Complaint.

289.    Paragraph 289 of the Second Amended Complaint states a legal conclusion to which no response is required.

290.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 290 of the Second Amended Complaint.

291.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 291 of the Second Amended Complaint.

292.    JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 292 of the Second Amended Complaint.

293. JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 293 of the Second Amended Complaint.

294. JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 294 of the Second Amended Complaint.

295. Paragraph 295 of the Second Amended Complaint states a legal conclusion to which no response is required.

296. JPMS denies the allegations contained in paragraph 296 of the Second Amended Complaint.

297. JPMS denies the allegations contained in paragraph 297 of the Second Amended Complaint, except admits that JPMorgan Chase & Co. has published a Code of Conduct and a 2010 Annual Report, to which JPMS respectfully refers the Court for the complete and accurate contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations related to persons other than JPMS.

298. JPMS denies the allegations contained in paragraph 298 of the Second Amended Complaint.

299. JPMS denies the allegations contained in paragraph 299 of the Second Amended Complaint.

300. JPMS incorporates by reference and re-alleges the preceding allegations, as though fully set forth herein.

301. JPMS denies the allegations contained in paragraph 301 of the Second Amended Complaint.

302. JPMS denies the allegations contained in paragraph 302 of the Second Amended Complaint.

303.    JPMS denies the allegations contained in paragraph 303 of the Second Amended Complaint.

304.    JPMS denies the allegations contained in paragraph 304 of the Second Amended Complaint.

305.    JPMS denies the allegations contained in paragraph 305 of the Second Amended Complaint.

306.    JPMS denies the allegations contained in paragraph 306 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claim is barred, in whole or in part, for failure to state a claim for relief.

### Second Affirmative Defense

Plaintiff's claim in barred, in whole or in part, by the applicable statute of limitations and the doctrines of laches, waiver and estoppel.

### Third Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

### Fourth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrine of implied repeal.

### Fifth Affirmative Defense

Plaintiff lacks antitrust standing to assert its claim under the doctrines of both *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983).

### Sixth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by plaintiff's failure to mitigate its alleged damages.

### Seventh Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because defendants' alleged conduct was procompetitive.

### Eighth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because it failed to plead that it purchased products in any properly defined relevant market.

### Ninth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because it failed to plead that defendants have market power in any properly defined relevant market.

### Tenth Affirmative Defense

Plaintiff's claim is barred by the doctrine of *ultra vires*.

### Eleventh Affirmative Defense

Plaintiff's claim is barred by the doctrines of ratification, agreement, acquiescence and consent.

### Twelfth Affirmative Defense

Plaintiff's claim is barred by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a, to the extent that it is based on GSE bond transactions conducted outside the United States.

### Thirteenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, to the extent that the claim is subject to mandatory arbitration agreements and is therefore not properly before this Court.

### Fourteenth Affirmative Defense

Plaintiff's claim for damages must be offset by any benefits that plaintiff received as a result of the alleged conduct.

### Fifteenth Affirmative Defense

JPMS is entitled to an offset to the extent of all payments received by plaintiff from any defendant with which plaintiff has settled claims or in the amount of the fault borne by such defendant, whichever is greater.

### Sixteenth Affirmative Defense

Plaintiff's claim for injunctive relief is improper because plaintiff cannot establish likelihood of success on the merits, or irreparable harm, or that the balance of the hardships favors granting injunctive relief, or that injunctive relief would be in the public interest.

### Seventeenth Affirmative Defense

Plaintiff's claim for injunctive relief is barred, in whole or in part, because plaintiff has an adequate remedy at law.

## Eighteenth Affirmative Defense

Plaintiffs lack a basis to assert their claim against JPM NA because JPM NA is an improper party to this suit.

## Nineteenth Affirmative Defense

JPMS reserves the right to amend, withdraw, supplement or modify these defenses as this case proceeds.  JPMS adopts and incorporates any and all separate defenses asserted by other defendants in this action, to the extent that such defenses are applicable to JPMS.

Respectfully submitted,

*/s/ John W. Hite*
Salley, Hite, Mercer & Resor LLC
**JOHN W. HITE III (17611)**
**JAMES G. ALBERTINE III (32053)**
One Canal Place
365 Canal Street, Suite 1710
New Orleans, LA 70130
Telephone: 504/566-8800
Facsimile:  504/566-8828
jhite@shmrlaw.com

Boris Bershteyn
Lara A. Flath
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

***Attorneys for JPMorgan Chase Bank,
N.A. and J.P. Morgan Securities, LLC***

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the 24th day of July, 2020, I electronically filed the foregoing with the Clerk of Court through the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

*/s/ John W. Hite*
