**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| STATE OF LOUISIANA, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., et al., <br><br> Defendants, | Civil Action No. 3:19-cv-000638-SDD-SDJ |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BARCLAYS BANK PLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

i

## TABLE OF CONTENTS

                                        **Page**

PRELIMINARY STATEMENT .................................................................................................. 5

BACKGROUND .......................................................................................................................... 6

ARGUMENT ................................................................................................................................ 8

I.      THE CLAIMS AGAINST BBPLC SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION. .................................................................................................. 8

II.     PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST BBPLC. ............ 13

CONCLUSION ........................................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*,
   450 F. App'x 326 (5th Cir. 2011) ...................................................................................11

*Alack v. Jaybar, L.L.C*,
   Civil Action No. 11-143, 2012 WL 13005346 (E.D. La. Aug. 21, 2012) ...............................14

*Ames v. Ohle*,
   219 So. 3d 396 (La. Ct. App. 4 Cir. Apr. 26, 2017) ..............................................................14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................................13

*Blythe v. Offshore Serv. Vessels, L.L.C.*,
   Civil Action No. 17-5184, 2019 WL 4805887 (E.D. La. Sept. 30, 2019) .............................8

*BP Am., Inc. v. Chustz*,
   33 F. Supp. 3d 676 (M.D. La. July 21, 2014) .......................................................................11

*Coastal Commerce Bank v. Scully*,
   Civil Action No. 6:17-1011, 2018 WL 3543725 (W.D. La. June 19, 2018) ..........................9

*Cole v. Dragonfly Aviation, LLC*,
   Civil Action No. 18-367-SDD-EWD, 2019 WL 1086357 (M.D. La. Mar. 7,
   2019), *appeal dismissed sub nom. Cole v. Dragonfly Aviation, L.L.C.*, No. 19-
   30268, 2019 WL 5067289 (5th Cir. May 10, 2019) ..............................................................8

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................................................9

*Diece-Lisa Indus., Inc. v. Disney Enters.*,
   943 F.3d 239 (5th Cir. 2019) .................................................................................................12

*Dorsey v. Portfolio Equities, Inc.*,
   540 F.3d 333 (5th Cir. 2008) .................................................................................................11

*In re: GSE Bonds Antitrust Litigation*,
   1:19-CV-1704 (S.D.N.Y.) ........................................................................................................5

*Gulf Coast Bank & Trust Co. v. Designed Conveyor Sys., L.L.C.*,
   717 F. App'x 394 (5th Cir. 2017) .....................................................................................11, 13

*Hernandez v. TransUnion, Inc.*,
   Civil Action No. 19-13091-WBV-DMD, 2020 WL 1492979 (E.D. La. Mar.
   27, 2020) ..................................................................................................................11, 13

*Inmar Rx Sols., Inc. v. Devos, Ltd.*,
   786 F. App'x 445 (5th Cir. 2019) ........................................................................................10

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945).............................................................................................................13

*J.A.H. Enters. v. BLH Equip., L.L.C.*,
   Civil Action No. 16-124-SDD-RLB, 2016 WL 7015688 (M.D. La. Oct. 24,
   2016) ..............................................................................................................................10, 12

*Jones v. Artists Rights Enf't Corp.*,
   789 F. App'x 423 (5th Cir. 2019) ..........................................................................................9

*La. Limestone & Logistics, LLC v. Granite Grp. Int'l, Inc.*,
   No. 13-0798, 2014 U.S. Dist. LEXIS 26427 (W.D. La. Jan. 27, 2014), *report
   and recommendation adopted*, 2014 U.S. Dist. LEXIS 26401 (W.D. La. Feb.
   28, 2014) ..............................................................................................................................13

*LeBlanc v. DISA Glob. Sols., Inc.*,
   Civil Action No. 17-76-SDD-EWD, 2018 WL 283750 (M.D. La. Jan. 3, 2018)....................12

*Reliant Mgmt. Grp., LLC v. UltraCare Healthcare, LLC*,
   Civil Action No. 13-250, 2013 WL 3864321 (M.D. La. July 24, 2013) ..................................8

*Rios v. Grifols Biomat USA*,
   Civil Action No. 18- 814-JWD-RLB, 2019 WL 4454505 (M.D. La. Aug. 29,
   2019) ....................................................................................................................................13

*Robertson v. Rec. & Park Comm'n*,
   Civil Action No. 09-356, 2009 U.S. Dist. LEXIS 91912 (M.D. La. Sept. 9,
   2009) ....................................................................................................................................14

*Roussell v. PBF Consultants, LLC*,
   Civil Action No. 18-899, 2019 WL 3364321 (M.D. La. July 25, 2019) ................................14

*Satterfeal v. LoanCare, LLC*,
   No. 3:18-CV-1021-JWD-EWD, 2019 WL 5777379 (M.D. La. Nov. 5, 2019).................14, 15

*Thompson v. Chrysler Motors Corp.*,
   755 F.2d 1162 (5th Cir. 1985)), *report and recommendation adopted*, 2018
   WL 3551300 (W.D. La. July 23, 2018) ..................................................................................9

*Turner v. Jack Tar Grand Bahama, Ltd.*,
   353 F.2d 954 (5th Cir. 1965) ................................................................................................14

*Walden v. Fiore*,
   571 U.S. 277 (2014)..................................................................................................10, 11

*Wildlife Outfitters, LLC v. Buckshot Prods., LLC*,
   Civil Action No. 11-119, 2011 WL 13214363 (M.D. La. Nov. 14, 2011) ................................9

*Zoch v. Magna Seating (Germany) GmbH*,
   Civil Action No. 18-41151, 2020 WL 1951482 (5th Cir. Apr. 22, 2020) ...............................10

**RULES**

Fed. R. Civ. P. 4(m) .........................................................................................................................7

Fed. R. Civ. Proc. 12(b)(2) .........................................................................................................6, 8

Fede. R. Civ. Proc. 12(b)(6)................................................................................................6, 13, 15

**OTHER AUTHORITIES**

*GDP Institutional Holdings*, NASDAQ, https://www.nasdaq.com/market-
   activity/stocks/gdp/institutional-holdings (last visited July 20, 2020) ...................................12

Defendant Barclays Bank PLC ("BBPLC") respectfully moves to dismiss the Second Amended Complaint (Rec. Doc. 130, "SAC") of Plaintiff State of Louisiana, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

**PRELIMINARY STATEMENT**

Plaintiff's Second Amended Complaint is a carbon copy of the third amended class action complaint filed in a similar, now-resolved case in the Southern District of New York, *In re: GSE Bonds Antitrust Litigation*, 1:19-CV-1704 (S.D.N.Y.) (the "New York Action"). *Compare* SAC *with* New York Action (filed Sept. 10, 2019), ECF No. 254. Plaintiff's reproduction of the New York Action overlooks that BBPLC—despite initially being named as a defendant in that action—was subsequently dropped from the case. And for good reason. As discussed below, this Court does not have jurisdiction over BBPLC, a foreign corporation with no discernible connection to the alleged events subject to this action. Despite multiple do-overs, Plaintiff has alleged neither the minimum jurisdictional predicates to assert jurisdiction over BBPLC, nor sufficient facts to state a plausible claim against BBPLC. All claims against BBPLC should therefore be dismissed in their entirety.

First, this Court lacks personal jurisdiction over BBPLC, a holding company organized under the laws of England and Wales with its headquarters located in London, England. Plaintiff attempts to cure the jurisdictional deficiencies of its prior pleadings by including in the Second Amended Complaint allegations of various peripheral "contacts" between BBPLC and Louisiana—purported "business activities" of BBPLC, its affiliates, and third parties—which lack any plausibly alleged nexus to Plaintiff's claims. Plaintiff's newly-added allegations remain jurisdictionally deficient because under controlling Supreme Court precedent, generalized allegations of BBPLC's alleged "business" in Louisiana are irrelevant to this Court's exercise of

5

either general or specific jurisdiction over BBPLC. The claims against BBPLC must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

Second, this Court should dismiss Plaintiff's claims against BBPLC because the Second Amended Complaint fails to state a plausible claim for relief against BBPLC. Within a 98-page pleading, only a handful of paragraphs even mention BBPLC. None pertains to BBPLC's individual participation in the alleged conspiracy or any acts committed in furtherance of the alleged conspiracy. Instead, Plaintiff attempts to circumvent its pleading burden by invoking the doctrine of *respondeat superior* without alleging the facts necessary to establish liability as to BBPLC. Thus, the claims against BBPLC must additionally be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

On September 23, 2019, Plaintiffs filed their first Complaint (Rec. Doc. 1) alleging a conspiracy to fix prices in the market for debt securities issued by government-sponsored entities ("GSE Bonds"). As to BBPLC, the Complaint only alleged that BBPLC maintained a website accessible in the United States where it allegedly advertised its services to institutional investors. *Id.* ¶ 27. On December 3, 2019, BBPLC moved to dismiss the Complaint for lack of personal jurisdiction and failure to state a claim. (Rec. Doc. 39). On the day it was due to respond to the motion, Plaintiff filed an Amended Complaint, which added no new allegations against BBPLC. (Rec. Doc. 41). On January 7, 2020, BBPLC moved to dismiss the Amended Complaint on the same grounds as the first Complaint. (Rec. Doc. 68). When Plaintiff failed to timely respond, on January 30, 2020, BBPLC filed a reply in support of its motion to dismiss the Amended Complaint. (Rec. Doc. 84). On February 3, 2020, Plaintiff, having failed to timely oppose BBPLC's motion,

sought leave to file a second amended complaint containing additional allegations against BBPLC and other defendants. (Rec. Doc. 88). The Court granted leave on July 13, 2020. (Rec. Doc. 129).

Plaintiff's allegations of misconduct remain the same. *Compare* Rec. Doc. 130, SAC ¶¶ 5, 10-12 *with* Rec. Doc. 41, Am. Compl. ¶¶ 5, 10-12; *see also* Rec. Docs. 39-1, 68-1.  The only specific references to BBPLC remain in the description of the parties subject to the Second Amended Complaint and acknowledge that BBPLC is a company organized under the laws of England and Wales and headquartered in London, England.  *See* SAC ¶¶ 22; *see also* Declaration of Stephen Shapiro ¶¶ 4-5, attached hereto as Exhibit A ("Shapiro Decl.").  Plaintiff attempts to cure the jurisdictional deficiencies in its prior pleadings by adding allegations that BBPLC: (i) maintains an office and registered agent in Louisiana; (ii) sold GSE Bonds to and in the State of Louisiana; (iii) provided credit or financing to third parties who do business in Louisiana; and (iv) has subsidiaries or affiliates that allegedly do business in Louisiana.  *See* SAC ¶23.  Additionally, in an apparent attempt to cure its failure to state a claim against BBPLC, Plaintiff also alleges that BBPLC is vicariously liable for all acts allegedly committed by BBPLC's affiliate Barclays Capital Inc. ("BCI").  *See id.* ¶¶ 27(b), 29.  But, despite its reliance on allegations against BCI, Plaintiff has not served BCI—the only entity Plaintiff alleges actually engaged in anti-competitive conduct in Louisiana—and Plaintiff's ninety-day deadline to do so has long expired.[1]  *See* Fed. R. Civ. P. 4(m).

For the reasons that follow, Plaintiff's renewed attempt to bring BBPLC into this litigation must fail.

---

[1] Although the docket indicates BCI was purportedly served on October 4, 2019 (Rec. Doc. 45), the proof of service accompanying Plaintiff's certificate of service reflects that it only served *BBPLC*. To BCI's knowledge, Plaintiff has never made any attempt to serve BCI.

7

**ARGUMENT**

**I. THE CLAIMS AGAINST BBPLC SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

As described in BBPLC's two prior motions to dismiss (Rec. Docs. 39-1, 68-1), this Court should dismiss Plaintiff's claims pursuant to Rule 12(b)(2) because BBPLC, a foreign bank incorporated and headquartered in England, is not subject to personal jurisdiction in the State of Louisiana (or anywhere in the United States). *See* Shapiro Decl. ¶¶ 4-5. Plaintiff's new allegations do not change that outcome. A federal court may exercise jurisdiction over a non-resident defendant only to the extent it comports with the forum state's long-arm statute and constitutional due process standards. *Blythe v. Offshore Serv. Vessels, L.L.C.,* Civil Action No. 17-5184, 2019 WL 4805887, at *5 (E.D. La. Sept. 30, 2019). "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over [a] nonresident." *Cole v. Dragonfly Aviation, LLC*, Civil Action No. 18-367-SDD-EWD, 2019 WL 1086357, at *2 (M.D. La. Mar. 7, 2019), *appeal dismissed sub nom. Cole v. Dragonfly Aviation, L.L.C.*, No. 19-30268, 2019 WL 5067289 (5th Cir. May 10, 2019). Plaintiff fails to meet that burden.

Plaintiff newly alleges that BBPLC: (i) maintains an office and a registered agent in Louisiana; (ii) sold GSE Bonds to and in the State of Louisiana; (iii) provided credit or financing to third parties who do business in Louisiana; and (iv) has subsidiaries or affiliates that allegedly do business in Louisiana.[2] *See* SAC ¶ 23. Some of these allegations are demonstrably false, as

---

[2] Plaintiff also recycles its allegation that Barclays Investment Bank (which includes BBPLC along with BCI) maintains a website in the United States where it "advertises" services offered to institutional investor clients. *Compare* Compl. ¶ 27 *with* Am. Compl. ¶ 27, SAC ¶ 28. As BBPLC has addressed twice (Rec. Docs. 39-1, 68-1), that is plainly deficient to confer personal jurisdiction over a foreign corporation. *See Reliant Mgmt. Grp., LLC v. UltraCare Healthcare, LLC*, Civil Action No. 13-250, 2013 WL 3864321, at *5 (M.D. La. July 24, 2013) (granting motion to dismiss pursuant to Rule 12(b)(2) where website did nothing to specifically target Louisiana residents); *Wildlife Outfitters, LLC v. Buckshot Prods., LLC*, Civil Action

8

reflected in the sworn Declaration of Stephen Shapiro, Company Secretary for BBPLC, filed concurrently with this Motion: for example, BBPLC, a financial holding company, did not sell GSE Bonds in or to the State of Louisiana. Shapiro Decl. ¶¶ 6, 11. The Court may consider these sworn statements in resolving this motion. *See Coastal Commerce Bank v. Scully*, Civil Action No. 6:17-1011, 2018 WL 3543725, at *2 (W.D. La. June 19, 2018) (when a court considers a challenge to personal jurisdiction, the allegations in the complaint must be taken as true, "except insofar as controverted by opposing affidavits") (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)), *report and recommendation adopted*, 2018 WL 3551300 (W.D. La. July 23, 2018). In any event, Plaintiff's allegations, even if taken as true for purposes of this motion, remain jurisdictionally deficient.

Following the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), it is well-settled that this Court lacks general jurisdiction to hear claims against BBPLC—a corporation organized under the laws of England and Wales, with headquarters and a principal place of business in London, England. *See* SAC ¶ 22; Shapiro Decl. ¶¶ 4-5. Because, under *Daimler*, "the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction,'" 571 U.S. at 137, "to establish general jurisdiction over a corporation, the forum state must be its place of incorporation or primary place of business." *Jones v. Artists Rights Enf't Corp.*, 789 F. App'x 423, 425 (5th Cir. 2019) (citing *Daimler*, 571 U.S. at 137-38). Neither is the case here. *See* SAC ¶ 22; Shapiro Decl. ¶¶ 4-5; *see also* Rec. Docs. 39, 68.

Nor do BBPLC's alleged contacts with Louisiana confer specific jurisdiction over BBPLC for purposes of this action. Specific jurisdiction is limited to claims that arise out of or relate to

---

No. 11-119, 2011 WL 13214363, at *2 (M.D. La. Nov. 14, 2011) (granting motion to dismiss where website passively displayed advertising and the cause of action did not "arise out of or relate to the website").

9

the non-resident defendant's contacts with the forum and "focuses on the relationship among the defendant, the forum, and the litigation." *J.A.H. Enters. v. BLH Equip., L.L.C.*, Civil Action No. 16-124-SDD-RLB, 2016 WL 7015688, at *5 (M.D. La. Oct. 24, 2016) (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). "[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum." *Walden*, 571 U.S. at 284 (citation omitted). Thus, specific jurisdiction is appropriate only where: (i) the defendant has minimum contacts with the forum, *i.e.*, it purposely directed its activities toward the forum or purposely availed itself of the privileges of conducting activities there; (ii) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (iii) the exercise of personal jurisdiction is fair and reasonable. *Inmar Rx Sols., Inc. v. Devos, Ltd.*, 786 F. App'x 445, 448 (5th Cir. 2019). Failing any of the three prongs of this jurisdictional inquiry requires dismissal. *Zoch v. Magna Seating (Germany) GmbH*, Civil Action No. 18-41151, 2020 WL 1951482, at *8 (5th Cir. Apr. 22, 2020). Here, Plaintiff fails all three.

First, courts in this District have declined to exercise specific jurisdiction predicated on allegations of "doing business" similar to Plaintiff's allegations here. *See* SAC ¶¶ 23(c); 23(e). Besides its formulaic allegation that BBPLC "purposely direct[ed] its business activities" towards Louisiana, Plaintiff only alleges that BBPLC "entered into an agreement with JP Morgan to purchase mortgage loans in the State of Louisiana" and "provided credit and financing to entities in the State of Louisiana." *Id.* None of these transactions are alleged to have any connection to the GSE Bond market or the claims subject to this action. *Id.* Moreover, a closer look at the public sources underlying Plaintiff's allegations[3] reveals that the alleged agreement "to purchase

---

[3] Plaintiff's reliance on these documents incorporates them by reference into the Second Amended Complaint. *See* SAC ¶ 23(e), nn. 2-3. In resolving a motion to dismiss, a court may rely on the pleading, its attachments, documents incorporated by reference and matters of which a court may take judicial notice.

10

mortgage loans" was BBPLC's sale of a portfolio of 44 commercial mortgage loans, *one* of which was for a property located in Louisiana.  Similarly, the alleged "credit and financing" provided to entities in Louisiana references a single letter sent on behalf of a third party, Centene Corporation, a Delaware entity, pursuant to BBPLC's role as an administrative agent in a lending agreement between Centene and a group of lenders.  *See* SAC ¶ 23(e).  These "random, fortuitous, or attenuated" contacts fall well short of the constitutional due process standard.  *See Walden*, 571 U.S. at 286 (finding petitioner formed no jurisdictionally relevant contacts with the forum); *see also Gulf Coast Bank & Trust Co. v. Designed Conveyor Sys., L.L.C.*, 717 F. App'x 394, 399 (5th Cir. 2017) (per curiam) (existence of a contract with a forum resident was insufficient to establish minimum contacts necessary to support specific personal jurisdiction); *Hernandez v. TransUnion, Inc.*, Civil Action No. 19-13091-WBV-DMD, 2020 WL 1492979, at *3 (E.D. La. Mar. 27, 2020) (specific jurisdiction does not exist where defendant "has zero contacts with Louisiana as it relates to the plaintiff's claim.").

Plaintiff further alleges that BBPLC owns BCI, an independent subsidiary, and "partially owns" Goodrich Petroleum, an entirely separate company, and that those companies have "done business" in Louisiana.  *See, e.g.*, SAC ¶ 23(d).  These allegations are likewise deficient.  It is black-letter law that where corporate formalities are observed, courts in this District will decline to impute subsidiaries' contacts with Louisiana to a foreign parent company.  *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 333 (5th Cir. 2011) ("[E]ven a significant amount of control is insufficient to impute contracts to a parent corporation where corporate formalities are observed."); *see also Diece-Lisa Indus., Inc. v. Disney Enters.*, 943 F.3d 239, 251 (5th Cir. 2019)

---

*See BP Am., Inc. v. Chustz*, 33 F. Supp. 3d 676, 681 (M.D. La. July 21, 2014) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

11

(declining to impute a subsidiary's contacts with the forum to a parent company where the subsidiary operated as a distinct corporation from the parent).  Here, BBPLC is a separate and distinct legal entity from BCI:  BBPLC keeps its own books and records, has its own officers and directors, and properly observes forms and formalities according to the laws under which it is organized. Shapiro Decl. ¶ 10.  Accordingly, controlling Fifth Circuit precedent prohibits imputing any alleged contacts between BCI and Louisiana to BBPLC.  The same is true with respect to Goodrich Petroleum Corporation—an independent oil and natural gas company that Plaintiff only alleges in conclusory fashion that BBPLC "partially owns."[4] SAC ¶ 23(d) & n.3; *see also LeBlanc v. DISA Glob. Sols., Inc.*, Civil Action No. 17-76-SDD-EWD, 2018 WL 283750, at *5 n.46 (M.D. La. Jan. 3, 2018) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.").

Second, Plaintiff's claims should be dismissed because Plaintiff has not alleged that its claims arise out of the contacts BBPLC *itself* is alleged to have created with the State of Louisiana. *J.A.H. Enters.*, 2016 WL 7015688, at *7 (no personal jurisdiction where plaintiff's cause of action did not arise out of defendant's activities in the forum).  Even if the Court were to accept that a registered agent, a single agreement for the purchase of a portfolio of mortgage loans with a single property in Louisiana, or an administrative letter sent on behalf of a third party establish sufficient minimum contacts (and they do not), there is no allegation that Plaintiff's causes of action arose

---

[4] A simple review of publicly available information on NASDAQ about Goodrich Petroleum Corporation, a company whose business does not involve the sale or purchase of GSE Bonds, reflects that as of March 31, 2020, Barclays PLC (a different Barclays entity) owned 0.023% of the company's shares.  *See GDP Institutional Holdings*, NASDAQ, https://www.nasdaq.com/market-activity/stocks/gdp/institutional-holdings (last visited July 20, 2020).  Plaintiff offers no allegations suggesting a greater ownership interest during the time period at issue in the Complaint.  *See generally* SAC.

out of any of these contacts. This pleading defect is fatal to the exercise of specific jurisdiction over Plaintiff's claims. *See, e.g.*, *Gulf Coast*, 717 F. App'x at 399 n.2 (allegations that defendant is registered to do business or appoints an in-forum agent cannot support specific jurisdiction because plaintiff's claims are wholly unrelated to these contacts); *Hernandez*, 2020 WL 1492979, at *3 (no jurisdiction over loan servicer who serviced loans in Louisiana); *La. Limestone & Logistics, LLC v. Granite Grp. Int'l, Inc.*, No. 13-0798, 2014 U.S. Dist. LEXIS 26427, at *19 n.1 (W.D. La. Jan. 27, 2014) (defendant's registered agent or office is not relevant to a specific jurisdiction analysis because plaintiff's cause of action neither arose out of, nor was directly related to, these contacts), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 26401 (W.D. La. Feb. 28, 2014).

Third, because Plaintiff has failed to meet its jurisdictional burden, it would offend traditional notions of fair play and substantial justice to force BBPLC, a foreign company untied to any substantive allegation in Plaintiff's complaint, to defend a lawsuit in Louisiana, thousands of miles from its home jurisdiction. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST BBPLC.

As described in BBPLC's two prior motions to dismiss (*see* Rec. Docs. 39-1, 68-1), Plaintiff's claims against BBPLC do not state a plausible claim for relief and therefore fail as a matter of law pursuant to Rule 12(b)(6). *See Rios v. Grifols Biomat USA*, Civil Action No. 18-814-JWD-RLB, 2019 WL 4454505, at *2 (M.D. La. Aug. 29, 2019) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Like Plaintiff's two prior complaints (Rec Docs. 1, 41), the Second Amended Complaint does not make a single allegation that BBPLC conspired to fix the price at which GSE Bonds were sold or that it participated in the alleged conspiracy. *See generally* SAC. Instead, Plaintiff argues that BBPLC should be vicariously liable for *BCI's* actions based

13

on a theory of "*respondeat superior*." *See* SAC ¶ 29. Plaintiff's new theory of *respondeat superior* has no support in the law or Plaintiff's own factual allegations.

Louisiana has a "strong presumption in favor of treating corporations as separate entities." *See Alack v. Jaybar, L.L.C*, Civil Action No. 11-143, 2012 WL 13005346, at *4 (E.D. La. Aug. 21, 2012); *see also Ames v. Ohle*, 219 So. 3d 396, 406 (La. Ct. App. 4 Cir. Apr. 26, 2017) ("a parent company. . . is not liable for the acts of its subsidiaries."); *Robertson v. Rec. & Park Comm'n*, Civil Action No. 09-356, 2009 U.S. Dist. LEXIS 91912, at *9 (M.D. La. Sept. 9, 2009) (parent corporation is not liable for subsidiary's actions unless the parent corporation "actually participates" in the alleged wrongful conduct). Allegations of corporate ownership alone are insufficient to impute a subsidiary's actions to a parent on a theory of agency or vicarious liability. *See Roussell v. PBF Consultants, LLC*, Civil Action No. 18-899, 2019 WL 3364321, at *3 (M.D. La. July 25, 2019) ("[T]he mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent."); *see also Turner v. Jack Tar Grand Bahama, Ltd.*, 353 F.2d 954, 956 (5th Cir. 1965) ("Certainly common stock ownership and/or identity of officers do not in themselves establish the agency relationship."). Consistent with these bedrock principles of Louisiana law, to survive the pleading stage, a plaintiff seeking to hold a parent entity vicariously liable for its subsidiary's actions must plausibly allege that the parent controlled or directed the subsidiary's alleged wrongful conduct. *See, e.g.*, *Satterfeal v. LoanCare, LLC*, No. 3:18-CV-1021-JWD-EWD, 2019 WL 5777379, at *6 (M.D. La. Nov. 5, 2019) (dismissing plaintiffs' vicarious liability claim against a defendant bank because the pleading failed to allege that the bank controlled or directed the alleged misconduct).

Plaintiff fails to do so here. The Second Amended Complaint is devoid of any factual averments linking BCI's alleged misconduct to any action or direction by BBPLC. There is no

14

allegation that BBPLC directed BCI's underwriting or trading of GSE Bonds, that any Plaintiff who allegedly transacted with BCI understood that such transactions were directed by BBPLC and relied on such an understanding, or that BBPLC directed BCI's syndication activity or its participation in "chats" with other banks. Absent such allegations (and none can be made), Plaintiff cannot sustain a claim that BBPLC is vicariously liable for BCI's alleged misconduct.

Accordingly, Plaintiff's claims against BBPLC should be dismissed with prejudice under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, this Court should dismiss BBPLC from the case with prejudice.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  */s/ R. Harrison Golden*
David L. Patrón (Bar #22566)
R. Harrison Golden (Bar #38468)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
patrond@phelps.com
harris.golden@phelps.com

**ATTORNEYS FOR BARCLAYS BANK PLC**

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this 27th day of July, 2020, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

                                        */s/ R. Harrison Golden*
                                        R. Harrison Golden