UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STATE OF LOUISIANA,
By and through its,
Attorney General
JEFF LANDRY

CIVIL ACTION

VERSUS

19-638-SDD-SDJ

BANK OF AMERICA, N.A., et al.

## RULING

In this matter before the Court is a *Motion to Dismiss*[1] filed by Defendant, Jefferies Group LLC ("Jefferies"). Plaintiff, the State of Louisiana, ("Plaintiff") filed an *Opposition* to the *Motion*,[2] to which Jefferies filed a *Reply*.[3] For the following reasons, the Court finds that Jefferies's *Motion* should be granted and this action dismissed with prejudice as to Jefferies.

The Court recently reviewed the salient details of the government sponsored entity ("GSE") Bond market in a prior *Ruling*.[4] Plaintiff asserts three theories of recovery. First, Plaintiff argues that Jefferies is liable under § 1 of the Sherman Act for allegedly fixing the price of GSE bonds it sold to Plaintiff.[5] Second, Plaintiff asserts that Jefferies's alleged price fixing violated the Louisiana Unfair Trade Practices and Consumer Protection Law.[6]

---

[1] Rec. Doc. No. 148.
[2] Rec. Doc. No. 156-1.
[3] Rec. Doc. No. 161.
[4] *State of Louisiana v. Bank of America, N.A. et al*, Case Number 19-CV-638-SDD-SDJ, Rec. Doc. No. 179.
[5] Rec. Doc. No. 156-1, p. 4–15.
[6] *Id*. at p. 15–17.

65162

Third, Plaintiff asserts that Jefferies is liable in tort for its alleged negligence in recommending bonds to Plaintiff, selling bonds it knew were price fixed, and generally putting its alleged client, Plaintiff, at risk of financial harm.[7]

Jefferies mounts a substantive assault on Plaintiff's *Second Amended Complaint*, but also argues in its *Motion* that the "only Jefferies entity named as a defendant, Jefferies Group LLC, is the non-operating corporate parent of Jefferies LLC, the broker-dealer involved in syndicating and trading GSE Bonds."[8] As such, Jefferies argues, Plaintiff has failed to state a claim against Jefferies because Plaintiff seeks to hold Jefferies accountable for the actions of its corporate subsidiary. Plaintiff does not argue a veil piercing theory.

Although Plaintiff puzzlingly asserts that "it is certainly not necessary to address the substantive issues raised in [Jefferies's] Motion, for the sake of clarity these will be addressed…," Plaintiff fails to oppose Jefferies's wrong entity argument. Therefore, because Plaintiff has failed to oppose, Plaintiff has conceded Jefferies's argument, meaning Plaintiff has conceded that it sued the "non-operating corporate parent of Jefferies LLC, the broker-dealer involved in syndicating and trading GSE [b]onds."[9]  As such, Plaintiff's claim against Jefferies is dismissed, because none of the allegations in the *Second Amended Complaint* can be attributed to the named defendant.

---

[7] *Id*. at 17–22.
[8] Rec. Doc. No. 148-1, p. 7, n. 2.
[9] *Dipietro v. Cole*, 2017 WL 5349492, at *3 (M.D. La. Nov. 13, 2017); *Omega Hosp., LLC v. United Healthcare Servs., Inc*., 345 F. Supp. 3d 712, 740 (M.D. La. 2018).; Rec. Doc. No. 148-1, p. 7.

65162

**CONCLUSION**

For the foregoing reasons, Jefferies's *Motion to Dismiss*[10] is GRANTED. This is now Plaintiff's third *Complaint.* There is no reason to believe that, on a fourth try, Plaintiff would finally cure these deficiencies. As such, Plaintiff's claims as to Jefferies are dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 30, 2021.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[10] Rec. Doc. No. 148.

65162